THE STATE, EX REL. CITY OF TOLEDO, *v.* BOARD OF
ELECTIONS OF LUCAS COUNTY ET AL.

(No. 4160—Decided March 22, 1946.)

*Mr. W. G. Christensen,* director of law, and *Mr. J.
Slater Gibson,* for relator.

*Mr. Harry Friberg* and *Mr. Lehr Fess,* for respond-
ents.

*Mr. David A. Guberman, amicus curiae.*

BY THE COURT. This is an action in mandamus,
originating in this court, by the city of Toledo, as
relator, against the board of elections of Lucas county
and its members, as respondents, to require them to
provide for a special election in that city on or before
April 11, 1946, to submit to the electors thereof a
referendum on an ordinance enacted by the council
of the city on January 28, 1946, levying what is
popularly known as a payroll income tax. On Febru-
ary 27, 1946, a referendum petition was duly filed as
provided for in section 81 of the city's charter, and on
March 12, 1946, the clerk of council certified to the

council and to the board of elections that the petition was sufficient and requested the board to provide for an election on the same, as required by section 83 of the charter.

Included in the certification was a copy of that section which reads as follows:

"The ordinance on which a referendum vote is demanded by petition shall be submitted at a special election held not later than thirty days after the clerk has certified to the election authorities that the petition for submission is in accordance with the requirements of this charter; but if a regular election is to be held within six months, such ordinance shall be submitted at the regular election, unless the council directs that an earlier and special election be held."

By answer, the board admitted the facts above stated, but alleged that it "found and determined that it was impossible to comply with the several provisions of the election laws of Ohio and conduct a special election on said referendum prior to May 7, 1946, and thereupon resolved to submit the question of the, approval or rejection of the said ordinance to the voters of the city of Toledo at a special election to be held on May 7, 1946."

The validity of the ordinance in question is not involved in this case.

No general law has been cited and the court has found none which prohibits, or conflicts with the charter provisions. The city had the power by charter to make these provisions. Sections 3 and 7, Article XVIII, and Section 1f, Article II, Constitution of Ohio; *Fitzgeráld et al., Board of Deputy State Supervisors,* v. *City of Cleveland,* 88 Ohio St., 338, 103 N. E., 512, Ann. Cas. 1915B, 106. Having been made, the

provisions must govern. *Dillon* v. *City of Cleveland,* 117 Ohio St., 258, 158 N. E., 606.

No express provision of law invests the board of elections with authority to provide a date for a special election other than that fixed by the charter, nor does this court have such power.

At this time, the court cannot anticipate the physical difficulties the board may encounter in its attempt to legally comply with the charter provision. The evidence offered in this case does not establish such an impossibility of performance as under the law would require denial of the writ.

In the oral argument it was contended that the board is an instrumentality of state government and as such is not bound to follow the directions of the charter of the municipality. In *State, ex rel. City of Lakewood,* v. *Bernsteen et al., Deputy State Supervisors,* 115 Ohio St., 722, 156 N. E., 213, the Supreme Court decided otherwise.

In the light of the clear direction of the charter, this court has no alternative but to order a peremptory writ as prayed for.

*Writ allowed.*

CARPENTER, STUART and CONN, JJ., concur.