MELVIN J. VOGEL, ET UX. *v.* HARRY HARLAN, ET AL.

[No. 270A18. Filed December 27, 1971.]

*Larry J. Wallace,* of Indianapolis, for appellant.

*Robert F. Wernle, Wernle, Ristine & Milligan,* of Crawfordsville, *Lyon & Boyd,* of Greencastle, for appellee.

WHITE, J.—Defendant-appellants built a building on a lot they purchased on a conditional sales contract in Indian Hills Estates, a sub-division in Montgomery County on Lake Holiday. The trial court found it to be in violation of restrictive covenants and issued a prohibitory injunction against further construction and a mandatory injunction requiring removal within sixty days. Plaintiff-appellees are the owners of other lots in the subdivision. The Clearwater Land Company, Inc., defendant-appellee is the developer of the subdivision and the vendor of the lot. It filed an answer of disclaimer and made no defense but is enjoined along with the appellants. It has neither appeared nor filed any brief in this court.

On every issue and defense the evidence was in some aspects conflicting, but more importantly, the contradictory inferences which reasonably could have been drawn from it are many. The ultimate facts which emerge, accepting the evidence and drawing the inferences most favorable to plaintiffs, fully support the trial court's judgment and fail to disclose any abuse of discretion. To recite those facts in detail would add nothing worthwhile to the opinion. Nor will we weigh the evidence and substitute our own findings for those we must presume were made by the trial court. *Doi* v. *Huber* (1969), 144 Ind. App. 451, 457, 247 N. E. 2d 103, 107, 17 Ind. Dec. 367, 372.

The trial court acted in conformity with the principles stated in *Sorrentino* v. *Cunningham* (1942), 111 Ind. App. 212, 39 N. E. 2d 473; *Schwartz* v. *Holycross* (1925), 83 Ind. App. 658, 149 N. E. 699; and *Fesler* v. *Brayton* (1896), 145 Ind. 71, 44 N. E. 37, 32 L. R. A. 578.

Defendant-appellants raised affirmative defenses of laches, waiver, and acquiescence. They now complain that the trial court failed to make findings of fact on these issues and rely on *Hutter* v. *Weiss* (1961), 132 Ind. App. 244, 177 N. E. 2d 339, a case in which there was a special finding of facts and conclusions of law. No request therefore was made in the case at bar and the trial judge properly made merely a general finding for the plaintiffs. Ind. Ann. Stat. § 2-2102 (Burns 1968), now superseded by Trial Rule 52. *Horlock* v. *Oglesby* (1967), 249 Ind. 251, 259, 231 N. E. 2d 810, 12 Ind. Dec. 270.

The judgment is affirmed.

Hoffman, C.J., Sharp and Staton, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 173.