Steve CAMPBELL, Norman Joy, Gene Gage and Shirley Gage, Mini Farm Estates Neighborhood Association, Appellants–Plaintiffs,

v.

Eric G. SPADE, Appellee–Defendant.

No. 92A05–9207–CV–221.

Court of Appeals of Indiana, Fifth District.

July 26, 1993.

Thomas J. Blee, Burt, Blee, Dixon & Sutton, Fort Wayne, for appellants-plaintiffs.

Stephen D. Trotter, Fort Wayne, for appellee-defendant.

RUCKER, Judge.

When Defendant–Appellee Eric G. Spade (Spade) constructed a gravel road over property he owned within the Mini Farm Estates Subdivision, Plaintiff–Appellant Mini Farm Estates Neighborhood Association, together with several residents of the subdivision (collectively "the Association") filed a complaint for injunctive relief. The Association complained that the construction and use of the roadway violated certain provisions of a restrictive covenant. Both parties filed motions for summary judgment. After a hearing, the trial court denied summary judgment to the Association and granted summary judgment in favor of Spade. We consolidate and rephrase the issues presented by the Association as follows:

1. Did the trial court err in denying the Association's motion for summary judgment?

2. Did the trial court err in granting Spade's motion for summary judgment?

3. Did the trial court err in denying the Association's request for attorney's fees?

We affirm in part and reverse in part.[1]

Plaintiffs–Appellants Steve Campbell, Norman Joy, Gene Gage and Shirley Gage are owners of lots within the Mini Farm Estates Subdivision. They are also members of Mini Farm Estates Neighborhood Association, an unincorporated association serving residents of the subdivision. Eric G. Spade, also a member of the neighborhood association, owns a lot within the Mini Farm Estates Subdivision identified as Lot 9. In addition, Spade owns one acre of land adjacent to Lot 9 and uses a pole barn on the adjacent acre of land as a private residence. At the time of the hearing on the motions for summary judgment Spade had not constructed a house on the lot. Rather, he had constructed and was using an eight-foot to ten-foot wide gravel roadway over the lot to gain access to the pole barn. Neither the pole barn nor the acre of land on which it sits is a part of Mini Farm Estates Subdivision.

The Association filed a complaint against Spade seeking to permanently enjoin the use of the gravel roadway.[2] According to the Association the roadway violated the terms and provisions of a restrictive covenant which limits the use of lots within the subdivision to residential purposes only. Spade filed an answer generally denying the allegations of the complaint. Thereafter, the Association filed a motion for summary judgment contending there were no issues of material fact and that plaintiffs were entitled to judgment as a matter of law. Spade countered with his own motion for summary judgment. After a hearing the trial court denied the Association's motion for summary judgment and granted summary judgment in favor of Spade. In so doing, the trial court entered detailed findings and conclusions in support of its judgment. This appeal ensued in due course.

The Association attacks the trial court's judgment on four grounds: 1) the court's order is indefinite and contrary to law, 2) the judgment is inconsistent and unsupported by the findings, 3) the findings are internally inconsistent with each other, and 4) the order of judgment is contrary to ruling precedent.

 Normally, the requested entry of specific findings and conclusions triggers the appellate standard of review contained in Ind.Trial Rule 52. That rule requires us to reverse the trial court's judgment where the findings and conclusions drawn therefrom are clearly erroneous. A judgment is clearly erroneous when it is unsupported by the conclusions drawn, and the conclusions are clearly erroneous when they are unsupported by the findings of fact. Findings of fact are clearly erroneous when the record lacks any facts or reasonable inferences to support them. *Donavan v. Ivy Knoll Apartments Partnership* (1989), Ind.App., 537 N.E.2d 47.

 However, specific findings and conclusions entered by the trial court when ruling on motions for summary judgment merely afford the appellant an opportunity to address the merits of the trial court's rationale. *Fort Wayne Patrolman's Benevolent Ass'n v. City of Fort Wayne* (1980), Ind.App., 408 N.E.2d 1295, *reh. denied*, 411 N.E.2d 630. The specific findings and conclusions also aid our review by providing us with a statement of reasons for the trial court's actions. However, they have no other effect. *Strutz v. McNagny* (1990), Ind.App., 558 N.E.2d 1103, *trans. denied*. Rather than relying upon the trial court's findings and conclu-

1. Because we reverse that portion of the trial court's order granting summary judgment in favor of Spade, we need not address the specific issue raised by the Association, namely: whether the judgment of the trial court is indefinite and therefore contrary to law.

2. In addition, the Association filed a complaint against Spade and Real Estate Resources, Inc., to enjoin the use of a sixty (60) foot wide roadway which also had been constructed across Lot 9. Finding this roadway had been constructed for the purpose of possible future development and thus was in violation of certain restrictive covenants, the trial court entered summary judgment enjoining its use. No appeal has been taken from this order.

sions, we must base our decision upon the Ind.Trial Rule 56(C) materials properly presented to the trial court.

▆ Our standard of review is the same as it was for the trial court: whether there was any genuine issue of material fact and whether the moving party was entitled to judgment as a matter of law. *Delk v. Board of Comm'rs* (1987), Ind.App., 503 N.E.2d 436. Therefore, while the Association's complaint concerning the trial court's findings and conclusions, and the judgment they support, is duly noted, we limit our review to the propriety of the trial court's rulings on the parties' cross motions for summary judgment.

## I.

▆ The Association's complaint for injunctive relief and subsequent motion for summary judgment are premised on the notion that Spade's construction and use of a gravel roadway violated terms and provisions of a restrictive covenant. A mandatory injunction is an extraordinary equitable remedy which should be granted with caution. *Day v. Ryan* (1990), Ind.App., 560 N.E.2d 77. The plaintiff carries the burden of demonstrating injury which is certain and irreparable if the injunction is denied. *Irwin R. Evans & Sons v. Airport Authority* (1992), Ind.App., 584 N.E.2d 576. In making its decision the trial court must weigh whether the plaintiff has an adequate remedy at law and the court must consider whether an injunction is in the public interest. *Id.* at 583, 584. The trial court's grant or denial of injunctive relief will not be overturned unless it is arbitrary or amounts to an abuse of discretion. *Hacienda Mexican Restaurant of Kalamazoo Corp. v. Hacienda Franchise Group, Inc.* (1991), Ind.App., 569 N.E.2d 661, *trans. denied.*

▆ In support of its motion for summary judgment, the Association relies on the joint affidavit of Plaintiffs Norman Joy, Steve Campbell, and Gene Gage, answers to interrogatories given by Spade, and various provisions of the restrictive covenant. However, none of the materials allege and the Association does not argue that it will suffer irreparable injury if the injunction is denied. None of the materials allege and the Association does not argue that its remedies at law are inadequate. None of the materials allege and the Association does not argue that an injunction will serve the public interest. In sum, nothing presented to the trial court and thus nothing before this court show that the Association is entitled to injunctive relief as a matter of law. A party moving for summary judgment has the initial burden of demonstrating that it is entitled to relief. *Carroll v. Lordy* (1982), Ind.App., 431 N.E.2d 118. The Association has failed to carry its burden. The trial court properly denied the Association's motion for summary judgment.

## II.

The Association also contends the trial court erred in granting Spade's motion for summary judgment. Spade's motion seeks summary judgment on the underlying issue of whether his driveway constitutes a violation of any of the restrictive covenants. The restrictive covenants at issue here include *inter alia*, prohibitions against erection of structures other than single family dwellings and provisions for maintaining an agricultural lifestyle. One provision also dictates: "No lot shall be used at any time for a temporary residence nor shall any temporary residential structure or abode of any kind be permitted at any time on any lot for residential purposes." *Record* at 11–12. Spade insists the construction and use of his eight-foot wide driveway across Lot 9 to gain access to his pole barn adjacent thereto is consistent with the provisions of the covenant.

▆ One of the purposes of restrictive covenants is to maintain or enhance the value of land by controlling the nature and use of lands subject to a covenant's provisions. *Adult Group Properties, Ltd. v. Imler* (1987), Ind.App., 505 N.E.2d 459, *trans. denied.* As Spade correctly points out, as a general proposition, restrictive covenants are disfavored in the law, strictly construed by the courts, and all doubts should be resolved in favor of the free use of property and against restrictions. *See, e.g., Bachman v. Colpaert Realty Corp.* (1935), 101 Ind.App. 306, 194 N.E. 783;

*American Cannel Coal Co. v. Indiana Cotton Mills* (1922), 78 Ind.App. 115, 134 N.E. 891. However, restrictive covenants are a form of express contract. *Burnett v. Heckelman* (1983), Ind.App., 456 N.E.2d 1094. Although construction of a written contract is a question of law for which summary judgment is particularly appropriate, *Slutsky–Peltz Plumbing & Heating Co. v. Vincennes Community School Corp.* (1990), Ind.App., 556 N.E.2d 344, where the intent of the parties cannot be determined within the four corners of the document, a factual determination is necessary to give effect to the parties' reasonable expectations. *Freiburger v. Bishop Dwenger High School* (1991), Ind.App., 569 N.E.2d 755.

In this case the parties' intentions and reasonable expectations in creating or agreeing to various restrictions can not be determined by examining the four corners of the covenant itself. Rather, we must examine extrinsic facts in making that determination. Where the maintenance, use, or grant of a right of way across property restricted by a covenant "seems to be inconsistent with the parties' intentions in creating or agreeing to the restriction," then it will be deemed a violation of the covenant. *Austin v. Durbin* (1974), 160 Ind.App. 180, 310 N.E.2d 893, 897, *quoting* 25 A.L.R.2d 904, 906.

In support of his motion for summary judgment, Spade designated his own affidavit and the affidavits of Nancy Culp and David Schulenburg, all of whom are owners of property within Mini Farm Estates. The three affidavits indicate that Spade's driveway presents no present, immediate, or future threat to the integrity of Mini Farm Estates, that the driveway has not caused a reduction in property value, and that the subdivision has not been adversely affected by Spade's driveway. *Record* at 204, 210–11. Spade met his initial burden in demonstrating that the construction and use of his eight-foot wide gravel roadway was not inconsistent with the intent of the parties' in creating or agreeing to the restrictive covenant. However, in support of its motion for summary judgment the Association designated the joint affidavit of three Mini Farm property owners. The affidavit alleges that Spade's driveway represents a present and immediate threat to the integrity of the Mini Farm Subdivision, that the property values have been adversely affected by the driveway, and that the driveway destroys the *cul de sac* of the subdivision.

When considering cross motions for summary judgment, the trial court must deal with each motion separately, construing the facts in favor of the non-moving party. *Liberty Mutual Ins. Co. v. Metzler* (1992), Ind.App., 586 N.E.2d 897, *trans. denied; In re Matter of Garden & Turf Supply Corp.* (1982), Ind.App., 440 N.E.2d 710. Here, the Association is appealing from a grant of summary judgment. Thus, it stands in the shoes of the non-movant and any doubt as to an issue of material fact must be resolved in the Association's favor. *Id.* The Association's affidavit presents facts which are in direct conflict with facts presented by Spade's affidavits concerning the intent of the parties. This factual dispute can not be resolved by summary disposition. Therefore, entry of summary judgment in favor of Spade was erroneous.

### III.

The Association next contends the trial court erred in failing to award attorney's fees. In support of its claim, the Association directs our attention to provisions of the covenant which allow attorney's fees where a party is required to prosecute an action to prohibit a violation or attempted violation of the covenant or any of its restrictions. The Association is not entitled to attorney's fees because it has not proven that Spade violated or attempted to violate any provisions of the restrictive covenant. The trial court properly denied the Association's request for fees.

The trial court's entry of summary judgment in favor of Spade is reversed. In all other respects the judgment of the trial court is affirmed.

Judgment affirmed in part and reversed in part.

CHEZEM, J., concurs.

BARTEAU, J., concurs in Result.