**WAGLER EXCAVATING CORPORATION, Appellants–Defendants,**

v.

**McKIBBEN CONSTRUCTION, INC., Appellee–Plaintiff.**

No. 34A02–9606–CV–359.

Court of Appeals of Indiana.

April 28, 1997.

Transfer Denied Aug. 22, 1997.

---

156

William C. Menges, Jr., Kokomo, for Appellants–Defendants.

Thomas J. Trauring, Fell, Megarvey, Trauring & Wilson, Kokomo, for Appellee–Plaintiff.

## OPINION

ROBERTSON, Judge.

Wagler Excavating Corporation and Merlin E. Wagler [Wagler] appeal the entry of an injunction prohibiting Wagler from engaging in the excavating business in Howard County for a period of two years based upon the action brought by McKibben Construction, Inc. [McKibben] to enforce the restrictive covenant contained in a lease/partnership agreement. Wagler raises two issues; but, because one requires that we reverse, we address it only. Restated, it is:

whether the restrictive covenant prohibiting Wagler from engaging in the excavating business for a period two years after the termination of an equipment lease/partnership agreement may be enforced.

## FACTS

The facts in the light most favorable to the trial court's judgment reveal that Wagler desired to become involved in the excavating business but lacked the capital required to obtain the necessary equipment. McKibben was in the business of real estate development and construction. Although McKibben used excavating services in his construction projects, he did not want to become involved in the excavating business himself because, among other reasons, his competitors in the construction business could not be expected to give him excavation contracts. In 1992, McKibben and Wagler entered into a written lease/partnership agreement whereby McKibben would purchase excavating equipment and lease it to Wagler for use in Wagler's excavating business. The terms of the lease agreement provided that: 1) Wagler would make payments to McKibben under the lease; 2) Wagler would share the profits from his excavating business with McKibben; and 3) Wagler would provide McKibben priority excavation services at below market rates. The lease agreement also provided that, should the lease be terminated, Wagler would be prohibited from engaging in the excavating business in Howard County for a period of two years.

McKibben invested substantial sums in the excavating equipment and leased it to Wagler under the agreement. In 1995, McKibben terminated the lease because Wagler was in default of its terms. Wagler returned the excavating equipment in accordance with McKibben's demand. However, Wagler then leased excavating equipment from other sources and continued to engage in the excavating business in Howard County.

McKibben brought the present action and obtained the court's injunction prohibiting Wagler from engaging in the excavation business in Howard County for two years as provided in the agreement. This appeal followed.

## DECISION

■■■ The grant or denial of an injunction lies within the sound discretion of the trial court and will not be overturned unless it was arbitrary or amounted to an abuse of discretion. *Saurer v. Board of Zoning Appeals,* 629 N.E.2d 893, 896 (Ind.Ct.App.1994). The party seeking an injunction carries the burden of demonstrating an injury which is certain and irreparable if the injunction is denied. *Campbell v. Spade,* 617 N.E.2d 580, 583 (Ind.Ct.App.1993). In determining whether to grant an injunction, the trial court must weigh whether the party seeking the injunction has an adequate remedy at law and the court must consider whether the injunction is in the public interest. *Id.*

■■■ As eloquently stated by our supreme court:

> Our society recognizes and is committed to guard the sacredness of every human personality and to make possible its fullest possible development. Therefore, in order to guarantee that every man shall, as of now and in the future, enjoy the freedom of 'life, liberty and the pursuit of happiness' our courts will zealously guard every individual against even his own commitments which would limit or thwart the greatest constructive employment and enjoyment of his faculties from this moment forward, unless the manner of his living would contravene public policy or the personal property rights of another.

*Donahue v. Permacel Tape Corporation,* 234 Ind. 398, 127 N.E.2d 235, 240 (1955) (Emphasis omitted). Public policy prohibits any unnecessary interference with a person's calling for which he is fitted and from which he may earn a livelihood. *Id.* at 241. Thus, Indiana courts disfavor covenants which restrict a person's liberty of action in his business or trade. *Eaton Corporation v. Appliance Valves Corporation,* 526 F.Supp. 1172, 1182 (N.D.Ind.1981). Accordingly, Indiana courts will not hesitate to strike down any such restrictive covenants which are the least bit overly broad with respect to the "protectible interest" at stake. *Slisz v. Munzenreider Corporation,* 411 N.E.2d 700, 705 (Ind.Ct. App.1980). Where the underlying protectible interest is minimal, courts will closely scrutinize the terms of the restraint. *Id.* The burden is on the party seeking to enforce the covenant to demonstrate that the injunction is necessary to protect a legitimate business interest. *Smart Corporation v.*

*Grider,* 650 N.E.2d 80, 83 (Ind.Ct.App.1995) (Former employer is not entitled to the enforcement of a restrictive covenant unless he can show that the former employee gained a unique competitive advantage or ability to harm the employer during their relationship), *trans. denied.* The ultimate determination of whether such a covenant is reasonable is a question of law for the court. *Id.*

In the present case, the interests of McKibben to be protected by the enforcement of the restrictive covenant are McKibben's expectations under the contract of 1) earning a return on his investment in the excavating equipment, 2) sharing in the profits of Wagler's business, and 3) obtaining priority excavation services from Wagler at below market prices. McKibben is not in the excavating business. Thus, the restrictive covenant involved here is not a non-competition clause designed to prevent Wagler from enticing away McKibben's customers. *See Smart,* 650 N.E.2d at 83. Similarly, the covenant is not designed to protect McKibben's trade secrets or confidential information. *See Slisz,* 411 N.E.2d at 704.

Instead, the covenant here is designed to dissuade Wagler from breaching the terms of the lease/partnership agreement by imposing a penalty upon the termination of the relationship. The effect of the covenant is to force Wagler to choose whether to 1) drop out of the excavation business in Howard County for two years, or 2) remain partners with McKibben in the excavating business under the terms of the existing agreement. Absent extraordinary circumstances, the continuation of a contract for personal services cannot be mandated by the equitable intervention of the court because one injured by the breach of such a contract has an adequate legal remedy. *See Smith v. General Motors Corporation,* 128 Ind.App. 310, 143 N.E.2d 441, 448–49 (1957).

Accordingly, the restrictive covenant involved in the present case is unenforceable as violative of public policy because McKibben's interests in the enforcement of the restrictive covenant do not justify prohibiting Wagler from engaging in his chosen profession. McKibben has an adequate remedy at law. He may pursue an action in damages for Wagler's breach of the terms of their contract. Therefore, the trial court abused discretion in imposing the injunction under the terms of the lease/partnership agreement.

Judgment reversed.

NAJAM and GARRARD, JJ., concur.