**Valerie DEPEYSTER and Robert Kostuck, Appellants–Plaintiffs,**

v.

**TOWN OF SANTA CLAUS, Appellee–Defendant,**

v.

**Christmas Lake Properties Association, Inc., Appellee–Defendant.**

**No. 74A04–9911–CV–481.**

Court of Appeals of Indiana.

May 17, 2000.

John D. Clouse, Evansville, Indiana, John Burley Scales, Boonville, Indiana, Attorneys for Appellants.

Jefferson A. Lindsey, Lindsey & Lindsey, Rockport, Indiana, Attorney for Appellee Town of Santa Clause.

Bruce E. Cissna, Dale, Indiana, Attorney for Appellee Christmas Lake Properties Association, Inc.

## OPINION

BAKER, Judge

Appellants-plaintiffs Valerie Depeyster and Robert Kostuck once again appeal an order by the trial court to remove their partially completed home (the Structure) on Lot 5 in the Eleventh Subdivision, Holly Shores Addition, in Christmas Lake Village, in the Town of Santa Claus. In our previous, unpublished memorandum opinion, *Depeyster v. Town of Santa Claus,* 709 N.E.2d 757 (Ind.Ct.App.1999), we affirmed the trial court's finding of willful and intentional contempt and its award of attorney fees. While we were compelled to reverse the trial court's removal order as an inappropriate remedy for civil contempt, we specifically endorsed another possible avenue for removal as follows:

> By our opinion today, we do not foreclose the court's authority to order removal of the Structure. Upon remand, the trial court may entertain the Association's and/or the Town's original actions for injunction and, if appropriate, order the removal of the Structure from the real estate as an injunctive remedy.

*Slip op.* at 9. Upon remand, the trial court ordered removal of the Structure as an injunctive remedy. Depeyster and Kostuck assert several arguments, which will be discussed below, as to why this was improper. Further, they argue that attorney fees are not authorized.

### FACTS

Our previous opinion summarized the relevant facts from the first four years of this construction saga, including Kostuck's repeated disobeyance of court orders, as follows:

> On or about November 2, 1994, Depeyster and Kostuck, a married couple, acquired Lot Five in the Eleventh Subdivision, Holly Shores Addition, in Christmas Lake Village in the Town of Santa Claus. The Lot was subject to certain covenants and restrictions re-

quiring a residence erected thereon to have its exterior finished within five months from the commencement of construction and the residence completed, including finish grading and reasonable landscaping within nine months from the commencement of construction. By October 1996, despite the passage of almost two years, the Structure commenced by Depeyster and Kostuck remained grossly incomplete. Due to the passage of time and the nuisance created by the incomplete construction, the Town and the Association went to the trial court for help. A simplified, chronological version of the procedural history of this case follows.

1. October 3, 1996: Appellee and third-party plaintiff below, Christmas Lake Properties Association, Inc. (the "Association") filed a "Complaint to Restrain Violation of Restrictive Covenant in Subdivision" against Depeyster and Kostuck and alleged that Depeyster and Kostuck had violated a restrictive covenant requiring the construction of homes to be completed within nine months, where more than twenty-four months had elapsed from the start of construction as of the date of filing.

2. May 9, 1997: Depeyster and Kostuck filed a Complaint for Injunction and Damages against Appellee and defendant below, Town of Santa Claus (the "Town"), requesting in pertinent part that the Town be ordered to renew Depeyster and Kostuck's building permit so that the Structure could be worked on and alleging that the Town was interfering with property rights and not uniformly enforcing its ordinances among citizens.

3. June 12, 1997: The Town filed its answer to the Complaint for Injunction and Damages and counterclaimed asserting that the construction site constituted a nuisance

which should be enjoined and requesting the sewer line to be uncovered and visually inspected.

4. July 15, 1997: All parties entered into an agreement to consolidate the two separate cases and the parties reached an Agreed Order on all issues except the sewer line dispute. The Agreed Order provided that Depeyster and Kostuck would complete the Structure to a point where they could obtain a certificate of occupancy by October 25, 1997. The Agreed Order also provided for an October 30, 1997, compliance hearing I order to assure that construction was "completed to an acceptable point or to determine if good cause existed for non-completion."

5. October 30, 1997: Hearing held to determine status of the completion of the Structure. The court found that Depeyster and Kostuck had violated the Agreed Order for failing to complete the Structure by October 25. The court further found no justification for the violation and found Depeyster and Kostuck in indirect contempt of court. The court withheld punishment at this time. Because Kostuck testified that the exterior of the home would be completed in three weeks, the court ordered all parties to reappear in court on November 25, 1997, for the court to determine if punishment should be imposed.

6. November 14 and 25, 1997: The Association and Town filed rules to show cause against Depeyster and Kostuck to be heard at the November 25, 1997 hearing.

7. November 25, 1997: Hearing held on rules to show cause and status of construction. The court found that Depeyster and Kostuck had blatantly and willfully disregarded the court's orders of August 5 and November 3, 1997. Specifically, construction was not timely completed in accordance with the August 5, 1997, order and the exterior was not timely completed in accordance with the November 3, 1997, order. Again, the court found Depeyster and Kostuck in indirect civil contempt of court for failure to follow the prior orders of the court. The court ordered Depeyster and Kostuck incarcerated, but stayed the order until December 16, 1997, at which time Depeyster and Kostuck and all attorneys were to appear in court.

8. December 16, 1997: Compliance hearing held on status of the construction. Due to the non-completion of the Structure, the court found that its prior incarceration order should be executed. The court ordered Kostuck [footnote 1: Depeyster failed to appear.] to be placed in the Spencer County Law Enforcement Center Work Release Program. The court stated that its [sic] was "making the assumption that Kostuck will be utilizing [the vast majority] of his time out of jail to come into compliance with the Court's orders."

9. January 30, 1998: Compliance hearing held on status of the construction. The court noted that 177 days had passed since the Order was signed for Depeyster and Kostuck to complete the Structure. Because the Structure remained far from complete and remained an "eyesore" the court continued the order of incarceration until completion of the Structure.

10. March 19, 1998: Compliance hearing held on status of construction. The court found that the exterior of the Structure remained incomplete. Although continuing Kostuck's incarceration, the court declined to impose harsher sanctions at this time.

11. April 16, 1998: Bond hearing held at Depeyster and Kostuck's request. The court allowed Depeyster and Kostuck to post a $25,000.00 cash bond and released Kostuck from incarceration. The court ordered the exterior of the Structure, including windows, doors, siding, roofing, completion of the deck, connection and inspection of the sewer line and keeping the grounds cleaned and neatly maintained, shall be completed within 60 days.

12. June 17, 1998: Compliance hearing held on status of construction. The court found that Depeyster and Kostuck were still in contempt of court and ordered removal of the Structure from the real estate.

After holding a final hearing regarding costs of removal and attorney's fees, the trial court issued the following final judgment on July 9, 1998, which provided in relevant part:

This cause is before the Court on a series of contempt hearings and compliance hearings. The Court finds the [sic] Kostuck/Depeyster have wilfully, intentionally and repeatedly disobeyed the Town's Building Code, the Property Association's covenants and numerous orders of this Court. Kostuck/Depeyster are now and have been in indirect contempt of this Court since October 25, 1997. Repeated efforts to exact compliance have totally failed. The Court now orders that Kostuck/Depeyster shall remove the structure.... The Court further orders that said removal shall be completed within 90 days of the date of this order.

*Slip op.* at 2–5.

As noted above, on appeal, we affirmed in part, reversed in part and remanded with instructions. Thereafter, the trial court constructively put our instructions to use and on August 3, 1999, held a trial on the Association and Town's original actions for injunctions. On September 16, 1999, after considering post-trial briefs filed by the parties, the trial court entered the following judgment:

This cause is once again before this Court on the request by the Town of Santa Claus and the Christmas Lake Properties Association for injunctive relief.

The Court of Appeals in its ruling of April 21, 1999, stated:

"By our opinion today, we do not foreclose the Court's authority to order removal of the structure. Upon remand the trial court may entertain the Association's and/or the Town's original actions for injunction and, if appropriate, order the removal of the structure from the real estate as an injunctive remedy."

The Court now finds that the request for relief is properly before this Court.

The facts are that Kostuck obtained the original building permit for the structure in question in the fall of 1994. An Agreed Order was entered on August 5, 1997 which gave Kostuck until October 25, 1997 to complete the structure. The structure was not complete at that time. Numerous contempt actions followed and Kostuck was given various extensions to complete the construction. It was never completed and in fact, the physical appearance of the property at the time of this hearing was not much different from the physical appearance of the property in the fall of 1997. It is still an eyesore.

The property upon which the construction took place was subject to covenants and restrictions which required the exterior to be finished within 5 months and the residence completed and site graded and reasonably landscaped within 9 months.

The evidence at trial showed that there had been deterioration of the structure including some floor panels and the decking not covered by shingles. The drainage pits are still open. Cer-

tain parts of the structure are soft where they have been overtaken by mildew and mold. There is some discoloration of the materials probably due to the absorption of much water. Neither plumbing nor electric work have been completed. The fact is that Kostuck has been in violation of the aforementioned covenants and restrictions since approximately August of 1995 and he is still in violation.

An engineer testified for Kostuck at the hearing. This engineer was unwilling to certify the structural integrity of certain manufactured beams which were altered by Kostuck and then were exposed to years of weathering.

Kostuck also testified. He continued with his litany of excuses which have been heard by this Court on numerous occasions. One of his excuses was the acute labor shortage in the area. The Court would note that at prior hearings it was testified that hundreds of homes have been started and completed in this residential community since November of 1994 when he first began. Kostuck tried again to blame the Town and the Association for his problems by claiming a lack of cooperation on their part. The fact is that the Town and Association gave numerous extensions to Kostuck before resorting to litigation and he was given numerous extensions after the start of litigation by this Court. Finally, Kostuck complained that this Court has violated some vague moral code with regard to him by attempting to make him do what he promised to do. The Court has no comment on that spurious claim.

There was testimony from a qualified appraiser that the Kostuck property was a nuisance because it did not conform to the neighborhood and that it had a negative economic impact on surrounding properties since buyers would be less likely to purchase either adjoining property or property with a view of the Kostuck property.

The structure in question is a nuisance since Kostuck's property is being used by him to the detriment of the adjoining property owner's [sic] right to use and enjoyment of their own property. This nuisance has continued for many years. The comfortable enjoyment of adjoining property owners has been continuously interfered with by Kostuck.

The applicable covenants and restrictions have been violated by Kostuck for many years. These covenants and restrictions can properly be enforced by an injunction.

Kostucky [sic] and DePeyster [sic] had constructive knowledge of the covenants and restrictions in November, 1994 and actual knowledge for many years as is shown in the record of this case. They have not completed the residence and the Court can find *no* evidence that they ever will complete the residence.

The Court finds that the appropriate remedy for the nuisance and for the continued violation of the covenants and restrictions is the removal of the structure.

. . . .

The Court further orders that said removal shall be completed within 60 days of the date of this order.

The Court further orders that if said structure is not removed by the above deadline, The Town of Santa Claus and the Christmas Lake Properties Association shall have the right to remove said structure and assess the costs thereof to Kostuck and DePeyster [sic].

. . . .

The Town and Association are entitled to additional attorney fees. The Court is allowing that question to be determined at a future hearing after an appeal has been decided or after the time for an appeal has passed.

Record at 44–48.

## DISCUSSION AND DECISION

### I. Injunction

█ Depeyster and Kostuck once again challenge the trial court's order of removal. They make several arguments in this regard. First, they characterize the subsequent injunction hearing as allowing the Association and the Town a "second bite at the apple" and argue that it was barred by principles of res judicata.[1] This argument is based on the false assumption that the Agreed Order entered on August 5, 1997 was a permanent injunction. A fair reading of the order reveals that it was anything but permanent. Rather, Depeyster and Kostuck were simply given a temporary reprieve until October 25, 1997 to complete construction. Further, over two years after the deadline, they remain in violation of that order despite several extensions, multiple findings of contempt and Kostuck's incarceration.[2] We, as the court below obviously did, ponder how this construction nightmare can be resolved without the admittedly severe injunctive remedy of removal, which we sanctioned on appeal.

Depeyster and Kostuck make the broad assertion that "[a]s long as the Structure can be finished, there is no need to remove it from the real estate because such remedy is tantamount to the death penalty for the Structure." Appellants' Brief at 24. They further suggest the following less severe injunctive remedies: (1) fine Depeyster and Kostuck until completion; (2) order a third party to finish construction at Kostuck's expense; (3) appoint a receiver under Ind.Code § 36–7–9–20 to manage completion of construction at Kostuck's ex-

pense; (4) file a condemnation action; and, (5) order specific repair.

Initially, even ignoring timeliness, we question whether the Structure really can be finished. We note that Depeyster and Kostuck's own witness testified that it would cost an estimated $50,000 to simply bring the Structure into structural compliance with building codes, not including plumbing or electric. Further, the record reveals that Kostuck sold his retirement fund in 1998 and declared in a previous hearing that he was nearly bankrupt. R. at 138–39.

Moreover, we find the alternatives suggested by Depeyster and Kostuck unsatisfactory. Specifically, we observe that, as over 100 days of incarceration did not provide an incentive to Kostuck to complete the Structure, fines would appear to be futile. With respect to ordering a third party or appointing a receiver to complete the work at Kostuck's expense, we note that Depeyster and Kostuck do not explain how the trial court has authority to do this or how Kostuck will be able to cover such expenses. Further, a separate condemnation action has not been filed and would not be appropriate to enforce the Association's restrictive covenant. Finally, we fail to see how an order for specific repairs would spur Depeyster and Kostuck into finishing construction when other orders by the court have consistently been ignored.

█ We recognize that a mandatory injunction is an extraordinary remedial process which is granted not as a matter of right but in the exercise of sound judicial discretion. *Cobblestone II Homeowners Ass'n, Inc. v. Baird,* 545 N.E.2d 1126, 1130 (Ind.Ct.App.1989); *see also Campbell v. Spade,* 617 N.E.2d 580, 583 (Ind.Ct.App. 1993) ("A mandatory injunction is an ex-

---

1. Depeyster and Kostuck suggest in their appellate brief that "the term 'remand' was not intended to give Santa Claus and Christmas 'another bite at the apple' but only offer, *obiter dicta,* a suggestion for their future guidance." Appellants' Brief at 17.

2. Despite Depeyster and Kostuck's assurances to the contrary, the issues in this case were anything but "already resolved" without the instant injunction. Appellant's Brief at 18, 23.

traordinary equitable remedy which should be granted with caution"). However, the power of a court to issue a mandatory injunction as a means of enforcing restrictive covenants is well-established. *Highland v. Williams,* 166 Ind.App. 492, 495, 336 N.E.2d 846, 847 (1975) (finding order for removal of home from lot not excessive where owner had actual and constructive notice of restrictive covenants); *see also Vogel v. Harlan,* 150 Ind.App. 426, 277 N.E.2d 173 (1971) (affirming injunction ordering removal of home that was being constructed in violation of restrictive covenants); *Schwartz v. Holycross,* 83 Ind. App. 658, 667, 149 N.E. 699, 702 (1925) ("It is well settled that a court of equity has the power ... to enjoin the violation of restrictive building covenants ..., and that a mandatory writ may be issued to compel the modification, or even the removal, of a building erected in violation of such covenants.").

In light of the repeated opportunities given to Depeyster and Kostuck to finish the Structure and their failure to do so for now almost six years despite court orders, findings of contempt and incarceration, we find that removal of the Structure was the only viable alternative left to finally remedy the violation of the restrictive covenant.[3] Therefore, the trial court did not abuse its discretion by issuing the mandatory injunction.[4]

## II. Attorney Fees

■ Depeyster and Kostuck next challenge the trial court's finding that the Town and the Association are entitled to additional attorney fees that will be determined in a separate hearing following the instant appeal. They note that Indiana adheres to the American Rule, which requires parties in most instances to pay their own attorney fees absent a statute, rule, or agreement to the contrary. *See Wernke v. Halas,* 600 N.E.2d 117, 123 (Ind.Ct.App.1992) (noting only three exceptions: obdurate behavior, a common fund situation, and private attorney general situations).

■ Here, the restrictive covenant clearly provided for attorney fees as follows:

26. ENFORCEMENT AND LIABILITY OF ASSOCIATION. These restrictions shall be enforceable by actions at law for damages or in equity for injunctions to restrain any violation or require compliance or by any combination thereof. Proceedings to enforce these restrictions may be instituted by the Association or any Lot Owner. In the event any plaintiff is successful in the enforcement of these covenants and restrictions, the plaintiff shall also be entitled to an award of reasonable attorney fees and expenses. . . .

R. at 67. Further, the Association specifically requested reasonable attorney fees in its complaint. Therefore, in light of the agreement to the contrary, the American Rule does not apply in this instance, and trial court did not err in granting attorney fees, to be determined following this appeal, to the Association.

■ However, with respect to the Town, the parties have failed to direct us to any statute, rule or agreement to rebut the American Rule. Actually, the Appellees' Brief does not even discuss the propriety of attorney fees for the Town. Moreover, we note that the Town did not request attorney fees in its complaint. Therefore,

3. As we have determined that removal is a proper remedy for Depeyster and Kostuck's continuing violation of the restrictive covenant, we need not address whether the trial court properly found that the Structure constituted a nuisance.

4. Depeyster and Kostuck also make the specious argument that the Town and the Association are not entitled to equitable relief because of their "unclean hands." Appellants' Brief at 27. We are unpersuaded by their arguments, as was the trial court. The Town and the Association did not stand by without objection until completion of the Structure. Rather, they continually objected to the delay and, along with the trial court, gave Depeyster and Kostuck numerous opportunities to complete the Structure before seeking removal.

we hold that the Town is not entitled to recover attorney fees from Depeyster and Kostuck.

## CONCLUSION

After nearly six years, it is time to acknowledge the obvious: the only way Depeyster and Kostuck are going to comply with the restrictive covenant is to remove the Structure. While such a remedy was not available in the prior contempt proceedings, the trial court properly followed our suggestion to entertain the original actions for injunction upon remand. We now find that the trial court did not abuse its discretion in finding that removal of the Structure from the real estate was appropriate as an injunctive remedy. Further, we conclude that the Association is entitled to attorney fees pursuant to the provisions in the covenants. However, we reverse the trial court's determination that the Town is entitled to attorney fees.

Judgment affirmed in part and reversed in part and remanded for a determination of the amount of reasonable attorney fees that Depeyster and Kostuck must pay the Association.

RILEY, J. and KIRSCH, J., concur.