

FILED
Dec 04 2015, 8:22 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Dustin T. White
White Law Practice
Jeffersonville, Indiana

ATTORNEY FOR APPELLEES

A. David Hutson
Hutson Legal
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Old Utica School Preservation, Inc., Kenneth Morrison, Scott Sandefur, and Pam Sandefur, *Appellants-Petitioners,* v. Utica Township, John Durbin as Township Trustee, Jacob's Well, Inc., Kevin Williar, John Posey, Anthony Glotzback, and Barbara Williar, *Appellees-Respondents.* | December 4, 2015 Court of Appeals Case No. 10A01-1501-PL-43 Appeal from the Clark Circuit Court The Honorable Glenn Hancock, Special Judge Trial Court Cause No. 10C04-1210-PL-123 |

**May, Judge.**

[1] Old Utica School Preservation, Inc.; Kenneth Morrison; Scott Sandefur; and Pam Sandefur (collectively, "Citizens") appeal the denial of their Motion for Declaratory Judgment and Motion for Mandatory Injunction against Utica

Court of Appeals of Indiana | Opinion 10A01-1501-PL-43 | December 4, 2015      Page 1 of 15

Township; John Durbin as Township Trustee; Jacob's Well, Inc.; Kevin Williar; John Posey; Anthony Glotzback; and Barbara Williar (collectively, "Appellees"). They present three issues for our consideration, which we consolidate and restate as:

> 1. Whether the Jacob's Well use of the property known as the Old Utica School ("School") violates the language of the quitclaim deed conveying the property;

> 2. Whether the trial court erred when it found Citizens did not show "demonstrable injury, injury in fact and . . . a causal connection between the injury in fact and the actions of the Township and Jacobs [sic] Well." (Br. of Appellant at 8); and

> 3. Whether the trial court erred when it determined the conveyance of the School to Utica Township was a fee simple with condition subsequent.

We affirm in part, reverse in part, and remand.

## Facts and Procedural History

In 2002, the Greater Clark County School Corporation ("GCCSC") conveyed the School to Utica Township via quitclaim deed. The quitclaim deed stated GCCSC conveyed School "subject to the conditions set out in IC 20-4-5-8(b)[1] that said property being transferred shall be used by Utica Township . . . for

---

[1] Ind. Code § 20-4-5-8 was recodified in 2005 as Ind. Code § 20-23-6-9. For the remainder of the opinion, we will refer to the current designation except for the portion of the opinion discussing the differences between the two versions of the statute.

park and recreation purposes."[2] (App. at 24.) The conveyance included approximately 3.5 acres of land and the school building, which housed multiple classrooms, a basement, a cafeteria, and a gymnasium.

[4] Following the conveyance, the School was used as shelter and for storage during Ohio River floods; for community activities such as auctions, bake sales, and basketball games; and as a food pantry. By 2011, the building had fallen into disrepair. Township Trustee John Durbin testified, "Parts of the ceilings were falling in. There were dead animals in the building. There was human waste all over the restrooms. . . . there were floors rotting out in the other side of the building." (Tr. at 93.) At that time, Utica Township was spending approximately $35,000.00 per year to maintain the School.

[5] On June 17, 2011, Utica Township leased the School to Jacob's Well, a non-profit religious organization with a mission to provide transitional housing to single mothers and women who receive professional assistance for drug addiction. The founders of Jacob's Well, Kevin and Barbara Williar, financed $300,000.00 to renovate the School. The School has a locked area where the back classrooms once were. It serves as dormitories for the women receiving services from Jacob's Well. The front classrooms are used for classes associated with Jacob's Well services, and the cafeteria, gym, and some classrooms are

---

[2] The original quitclaim deed stated the property "shall be used by Utica Township *solely* for parks and recreation purposes." (App. at 24) (emphasis added). The parties stipulated the word 'solely' was "a Scrivener's [sic] error and should be eliminated for evidentiary purposes." (Tr. at 9.)

available for use by the public. The Williars live in an apartment they built on the site.

[6] On October 25, 2012, Citizens filed a Verified Complaint for Declaratory Judgment and Petition for Mandatory Injunction Issued Under Trial Rule 65 and an Indiana Trial Rule 52 Motion for Findings of Fact and Conclusions of Law. Citizens argued Appellees' use of the School was "contrary to the restrictive covenant contained in the School's Deed and contrary to State Law," (App. at 27), and requested:

> [T]he Court declare that the restrictive covenant does, in fact, run with the land, is enforceable, the actions of Utica Township by failing to abide by the restrictive covenant in the School's Deed and executing a lease with Jacobs [sic] Well, Inc. for purposes other than park and recreation and actions of Jacobs [sic] Well, Inc., specifically, using the School as a residence and constructing multiple temporary and/or multiple permanent housing units in the School, to be contrary to State Law and that said Lease with Jacobs [sic] Well, Inc. is void.

(*Id*. at 27-28.) Citizens asked the trial court to enjoin Utica Township and Jacob's Well from further violating the alleged restrictive covenant. (*Id*. at 28.)

[7] The trial court granted Citizens' T.R. 52 request for findings on October 31, 2012. On November 1, 2012, Appellees answered Citizens' complaint and moved to dismiss it, arguing Citizens did not have standing to pursue a claim against Appellees. On December 7, 2012, Appellees filed a motion for summary judgment and a memorandum, and they designated evidence in

support. On January 9, 2013, Citizens responded, and a special judge was appointed.

[8] After a hearing, the trial court granted Appellees' motion for summary judgment, wherein the Appellees argued the Citizens did not have standing to bring a declaratory action. The trial court concluded "the language of said deed relating to specific use is a Restrictive Covenant satisfying the requirements of the grant statute," (*id.* at 11), and Citizens did not have standing to bring a claim against Appellees. The trial court denied Citizens' motion to correct error.

[9] Citizens appealed, and we reversed and remanded, holding Citizens had standing based on the public standing doctrine. *Old Utica School Preservation, Inc. v. Utica Twp.*, 7 N.E.3d 327, 333 (Ind. Ct. App. 2014), *trans. denied* ("Utica I"). On remand, the trial court denied Citizens' Request for Declaratory Judgment and Mandatory Judgment, finding and concluding:

> 3. That the [language of the deed from GCCSC to Utica Township] is a fee simple conveyance with a condition subsequent and The Township has used the property accordingly, on occasion, as conditions have allowed.
>
> 4. That the Township's lease of February 15, 2011 does not violate said terms as it allows the Township the right "to have access to the gym and cafeteria for community events" and there was testimony that the property has been used for such purposes.
>
> 5. That the condition subsequent is not an exclusive use. The original conveyance contained the word "solely" which both

parties have stipulated is a scrivener's error. At no time has the Township government renovated the building or grounds for park or recreational purposes and it could be argued that a vacant building and unimproved property was not a park or recreational use. Further the property had been used for other purposes, although well intentioned and in the face of emergency, nonetheless nonpark [sic] and recreational purposes.

6. That a mandatory injunction is an extraordinary equitable remedy that should be granted with caution. Campbell, 617 N.E. 2d 580

7. That [Citizens] carries the burden of demonstrating injury which is certain and irreparable if the injunction is denied. [Citizens] has not met such burden as there has been no denial of use for the stated purpose and harm, if any, would be greatly outweighed by the public interest of not restoring the Old School to its previous state of disrepair.

(App. at 8-9.)

# Discussion and Decision

The trial court entered Trial Rule 52 findings and conclusions. When a trial court does so we review whether the evidence supports the findings of fact and whether the findings support the conclusions of law. *Crider v. Crider*, 15 N.E.3d 1042, 1052 (Ind. Ct. App. 2014), *trans. denied*. We will set aside findings of fact only if they are clearly erroneous, which occurs if the record contains no facts to support a finding either directly or by inference. *Id*. We defer to the trial court's ability to assess the credibility of witnesses and will not reweigh the evidence, and we must consider only the evidence most favorable to the

judgment along with all reasonable inferences drawn in favor of the judgment. *Id.* It is not enough that the evidence might support some other conclusion; it must positively require the conclusion contended for by appellant before there is a basis for reversal. *Id.* A judgment also is clearly erroneous if it relies on an incorrect legal standard, and we do not defer to a trial court's legal conclusions. *Id.*

### *Park and Recreational Use*

[11] The Quitclaim Deed from GCCSC to Utica Township stated the conveyance of the School was "subject to the conditions set out in IC [20-23-6-9] that said property being transferred shall be used by Utica Township [ ][3] for park and recreation purposes." (App. at 24) (footnotes added). Citizens argue the School was not used for park and recreation purposes after Utica Township entered into the lease with Jacob's Well because a portion of the School is utilized as dormitories for those receiving services from Jacob's Well.

[12] "Park purposes" are "establishment, equipment, and operation of parks, boulevards, pleasure drives, parkways, wheelways, park boulevards, bridlepaths, playgrounds, playfields, bathhouses, comfort stations, swimming pools, community centers, recreation centers, other recreational facilities, and recreational programs." Ind. Code § 35-10-1-2. Ind. Code § 36-10-7.5-20(a)

---

[3] As noted above, the word "solely" was in the deed but the parties stipulated it was a scrivener's error.

requires "[p]ark and recreation facilities and programs shall be made available to the public free of charge as far as possible."

Appellees presented evidence the School had been used for park purposes:

> Q: Has anybody used the gym?
>
> A: Yes, we have had some little league softball teams from the Methodist Baptist [sic] church, they've come up and used that a couple of times for practice when it was too cold outside. We've had some, we've had a basketball team come and use it about three or four times for practices there. And then we've had a birthday party.

(Tr. at 164-65.) Citizens' argument is an invitation for us to reweigh the evidence, which we cannot do. *See Crider*, 15 N.E.3d at 1052 (appellate court cannot reweigh evidence on appeal).

### *Demonstrable Injury*

The trial court concluded Citizens were not entitled to a permanent injunction because they had not demonstrated a "certain or irreparable" injury, finding "there has been no denial of use for the stated purpose and harm, if any, would be greatly outweighed by the public interest of not restoring the Old School to its previous state of disrepair." (App. at 9.)

"A mandatory injunction is an extraordinary equitable remedy which should be granted with caution." *Campbell v. Spade*, 617 N.E.2d 580, 583 (Ind. Ct. App. 1993). The grant or denial of injunctive relief will not be overturned "unless it is

arbitrary or amounts to an abuse of discretion." *Id*. In making this decision, the trial court must weigh whether the plaintiff "has an adequate remedy at law" and "whether an injunction is in the public interest." *Id*. "The plaintiff carries the burden of demonstrating injury which [sic] is certain and irreparable if the injunction is denied." *Id*.

[17] Citizens argue they have done so:

> Since the lease was executed, until recently, the Citizens have been prevented from engaging in the aforementioned activities. This was one injury in fact. The fact that Kevin and Barbara William [sic] already use the School as a residence and that up to three (3) people have temporarily used the School for residential purposes, one person being an ex-offender, are additional injuries in fact. Similarly, the fact that an apartment and dorms have been build [sic] in the School are certain and irreparable injuries. Lastly, [Utica Township] has a public duty to use the School for park and recreation purposes. By allowing Kevin Williar and Barbara Williar to live in the School, and by allowing temporary residents to stay in the School's dorms, [the Township Trustee] is violating that duty and causing injury to the Citizens who seek to have the court require his duty be upheld.

[18] (Br. of Appellant at 8-9) (citations to the record omitted). There is no evidence in the record of any injury the Citizens have suffered. Appellees presented evidence the School has been open for public use, including the use of the Citizens, and the Citizens have declined to use it, opting instead to hold community events elsewhere. Regarding the temporary residents using Jacob's Well services, Appellees presented evidence the residents are screened before they are allowed to stay at the School, and they are monitored throughout their

time at the School. Citizens' argument is an invitation for us to reweigh the evidence, which we cannot do. *See Crider*, 15 N.E.3d at 1052 (appellate court cannot reweigh evidence on appeal).

### *Type of Conveyance*

[19] The Citizens asked for a declaratory judgment regarding the status of the conveyance.

> Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. The declaration has the force and effect of a final judgment or decree.

[20] Ind. Code § 34-14-1-1. When considering a motion for declaratory judgment, the test to be applied is "whether the issuance of a declaratory judgment will effectively solve the problem, whether it will serve a useful purpose, and whether or not another remedy is more effective or efficient." *Mid-Century Ins. Co. v. Estate of Morris ex rel. Morris*, 966 N.E.2d 681, 688 (Ind. Ct. App. 2012), *trans. denied*. The determinative factor is "whether the declaratory action will result in a just and more expeditious and economical determination of the entire controversy." *Id*.

[21] As part of its summary judgment for Appellees, the trial court determined the School was conveyed with a restrictive covenant requiring the School, "subject to the conditions set out by IC [20-23-6-9] . . . shall be used by Utica Township

[ ] for park and recreation purposes." (App. at 24.) We reversed because the trial court erred when it determined the Citizens did not have standing. *Old Utica*, 7 N.E.3d at 333. On remand, the trial court decided the conveyance of the School was not a restrictive covenant but instead a fee simple with condition subsequent. The Citizens argue, without citation to legal authority, the trial court erred in making this determination because "[t]here is simply no conditional language in the deed." (Br. of Appellant at 8.)

[22] There is no Indiana precedent addressing the distinction between a restrictive covenant and a fee simple with condition subsequent. The law pertaining to restrictive covenants is well settled:

> A restrictive covenant is an agreement between a grantor and a grantee in which the latter agrees to refrain from using his property in a particular manner. One purpose of restrictive covenants is to maintain or enhance the value of land by controlling the nature and use of lands subject to a covenant's provisions. Because covenants are a form of express contract, we apply the same rules of construction. Construction of the terms of a written contract is a pure question of law for the court and we conduct a *de novo* review of the trial court's conclusions in that regard.

*Johnson v. Dawson*, 856 N.E.2d 769, 772 (Ind. Ct. App. 2006) (citations omitted).

> Covenants are favored by the law, and a court will construe a recital as a covenant, rather than a condition, whenever such a construction is possible. If the deed does not express an intention that the property conveyed is subject to a condition subsequent

and forfeiture, we will generally hold that the language creates a covenant. Lastly, just as it is axiomatic in basic contract law, the intent of the parties will govern the resolution of whether or not a covenant is created. Therefore, a covenant will be found where (1) the parties intended to create a species of express contract, (2) the terms impose a duty on one party to do or not do a particular act, and (3) the language used does not disclose a clear intent to burden the estate with a condition subsequent.

*Homemakers Finance Service, Inc. v. Ellsworth*, 177 Ind. App. 640, 642-43, 380 N.E.2d 1285, 1287 (1978). A mandatory injunction, while an extreme remedy, is appropriate when a party violates a restrictive covenant. *Depeyster v. Town of Santa Claus*, 79 N.E.2d 183, 190-91 (Ind. Ct. App. 2000).

[23] In contrast, a conveyance determined to be fee simple subject to condition subsequent is "created by any limitation which, in an otherwise effective conveyance of land, (a) creates an estate in fee simple; and (b) provides that upon the occurrence of a stated event the conveyor or his successor in interest shall have the power to terminate the estate so created." Restatement of the Law – Property § 45.

> "When a transferor, having an estate in fee simple absolute transfers an estate in fee simple subject to a condition subsequent, the transferee is regarded as having received the entire estate of the transferor, who, by virtue of his reserved power of termination has the power to regain his former estate, if and when there is a breach of the condition subsequent."

*Id*. at Comment a.

[24] The quitclaim deed conveys the School to Utica Township "subject to the conditions set out in IC 20-23-6-9 that said property being transferred shall be used by Utica Township . . . for park and recreation purposes." (App. at 24.) Ind. Code § 20-4-5-8(b), in effect at the time of the quitclaim deed, states, regarding the transfer of school property no longer in use by the school corporation:

> This subsection applies whenever the consolidated school board of a consolidated school corporation decides that property acquired under subsection (a) from a township is no longer needed for school purposes. The school board shall offer the property as a gift for park and recreation purposes to the township that owned the property before the school was consolidated. If the township board accepts the offer, the school board shall give the township a quitclaim deed to the property. This deed must state that the township is required to use the property for park and recreation purposes. If the township board refuses the offer, the school board may sell the property in the manner provided in subsection (c).

While the statute provides for action should the township reject the school board's offer, there is no provision addressing the status of the property should the township cease using the property for park and recreation purposes. The current version of the statute, Ind. Code § 20-23-6-9, does not include the requirement the land be used for park and recreation purposes. As we noted in *Utica I*:

> [T]he statutory language provides no guidance as to what townships are to do with the school property in situations such as Utica Township faced here in which it is no longer feasible to

> maintain the school property for park and recreation purposes. In adopting Indiana Code section 20-23-6-9, the legislature did not provide what should happen to school property when, or if, it is no longer used for park and recreation purposes in the future. It is unclear whether the property must be used for park and recreation purposes in perpetuity or if it reverts back to the school corporation when it is no longer used for those purposes or if the township can lease the property[4] for uses that may or may not be exclusively for park and recreation purposes.

7 N.E.3d at 333 (footnote added).

[25] Although construction of a written contract is a question of law, "where the intent of the parties cannot be determined within the four corners of the document, a factual determination is necessary to give effect to the parties' reasonable expectations." *Campbell*, 617 N.E.2d at 584. Here, it is not clear whether GCCSC intended the transfer to be a restrictive covenant or a fee simple estate subject to condition subsequent. However, the deed does not indicate the School would revert to GCCSC if it is not used for park and recreation purposes, nor does the statute under which the School was conveyed indicate such. Absent such statutory language, and in light of the deed's language that the property "shall be used by Utica Township . . . for park and recreation purposes," (App. at 24), we conclude the conveyance was a restrictive covenant.

---

[4] Regarding to whom the township can lease the School, Ind. Code § 20-23-6-9 now provides, effective July 1, 2015, "The township may sell or lease the property to an Indiana nonprofit corporation that is exempt from federal income taxation under Section 501 of the Internal Revenue Code."

# Conclusion

The trial court correctly determined the School was used for park and recreation purposes as required by the deed because portions of the building were available to the general public and used for recreational purposes. The trial court also correctly determined the Citizens did not demonstrate an irreparable injury that would make a mandatory injunction appropriate. However, the trial court erred when it determined the School was conveyed in fee simple subject to condition subsequent. We therefore affirm in part, reverse in part, and remand for correction of the declaratory judgment to indicate the property was conveyed with a restrictive covenant.

Affirmed in part, reversed in part, and remanded.


Crone, J., and Bradford, J., concur.