**COBBLESTONE II HOMEOWNERS ASSOCIATION, INC.** Appellant/Cross–Appellee (Plaintiff below),

v.

**Susan BAIRD,**
Appellee/Cross–Appellant,
(Defendant below).

No. 06A01–8904–CV–119.

Court of Appeals of Indiana,
First District.

Nov. 8, 1989.

John M. Reames, Van Valer & Williams, Greenwood, for appellant/cross-appellee.

Carolyn Gilchrist, Cohen & Malad, Thomas Atz, Indianapolis, for appellee/cross-appellant.

cal person) includes a requirement that the in-    terference be forcible.

ROBERTSON, Judge.

Cobblestone II Homeowners Association, Inc. appeals that portion of the trial court's judgment denying it injunctive relief in its action pursuant to IND. CODE 32–1–6–8 to compel Susan Baird, a condominium unit owner and member of the association, to remove that portion of her deck which in effect creates an awning or sunscreen. Cobblestone II maintains that the denial of injunctive relief is contrary to law because Cobblestone II is entitled to such relief as a matter of law upon a showing and finding that Baird violated the condominium association's Declaration and Bylaws.

Appellee Susan Baird cross-appeals, contending that certain adverse findings of fact are not supported by sufficient evidence and that the court's award of attorney's fees to Cobblestone II is contrary to law because Cobblestone II failed to obtain the relief sought in its complaint.

Briefly summarized, the trial court's factual findings indicate that in October, 1986, Baird submitted an architectural change request (ACR) to Cobblestone II's board of directors detailing improvements to be made to the rear of her unit. According to the ACR, Baird proposed to build a deck equal in width to the rear of the unit and extending outward some sixteen feet. Baird attached to the ACR a drawing of the deck with the dimensions proposed that the ACR depicted. Neither the drawing nor Baird's ACR contained any dimensions or elevations for the overhead sunscreen which was ultimately constructed.

At first, the board deferred action on the proposal as submitted, seeking additional information including the project's dimensions and elevations. Baird then submitted a revised drawing reflecting an elevation of six to eight inches, and an artist's rendition of the deck portraying an overhead portion. Through her agent, Baird also urged the board to expedite the approval process as she had already retained a contractor to begin construction within the following five-day period. Based upon that request, the drawings, and Baird's statements and assurances that it would look better than other decks in the development, the board approved a 12′ × 23′ deck. Within five days, Baird had constructed a wooden deck and a structure overhead with wooden planks evenly spread above to diffuse light. When the board notified Baird within a reasonable time that the overhead structure had not been approved and would have to be removed, Baird refused.

The trial court found that the board had no notice that the contemplated improvements included the erection of overhead members or its supporting structure and that the board did not approve of the construction of the overhead members. The court concluded that I.C. 32–1–6–1 *et seq.* contemplates the establishment of a board of directors and authorizes the board, upon violation of a provision of the Declaration, Articles or By-laws by a unit owner, to file an action seeking, in an appropriate case, injunctive relief. It also concluded that the overhead portion of the construction by Baird is an improvement, attachment or thing in the nature of an awning or canopy for which the Declaration and By-laws required prior board approval, that Baird did not obtain the board's approval, and as such, was in violation of the covenants of the Declaration. Accordingly, the court entered judgment in favor of Cobblestone II but denied the requested injunctive relief because (1) Cobblestone II failed to prove that any of the owner members had been injured or damaged as a consequence of the construction; (2) removal of the overhead construction could cause damage to the main structure; and (3) equity demanded that the overhead structure remain. The court reiterated that injunctive relief would be inequitable and would cast an undue burden upon Baird without serving any useful purpose as no one had been damaged as a result of the construction and it was not foreseeable that anyone would be injured in the future as a result of the construction.

Addressing first Baird's contention on cross-appeal that certain of the trial court's factual findings are not supported by sufficient evidence, we note our standard of review of the trial court's fact-finding. We will accept the trial court's findings of fact

as long as there is probative evidence in the record to support them. An appellate court will neither reweigh the evidence nor reassess the credibility of witnesses and will not set aside the fact-finding of the trial court unless clearly erroneous. The trial court will not be reversed on the evidence unless there is a total lack of supporting evidence or the evidence is undisputed and leads only to a contrary conclusion. *State Election Board v. Bayh* (1988), Ind., 521 N.E.2d 1313, 1315.

Baird takes issue with the trial court's assessment that her agent, Tom Deal, was evasive in responding to the board's questions concerning the appearance of the deck and that he attempted to mislead the board. Testimony of board president Joyce Kuhn, and a second board member, Debra Cimino, discloses that Kuhn emphasized in her discussions with Deal that Baird's deck needed to be consistent with the other decks in the community; that Deal was specifically asked whether the proposed deck would look like the other decks in the development, none of which had sunscreens, and Deal responded only that it would look better than the other decks; and, that Deal had at least two conversations with the board president during which he had an opportunity to point out that Baird's intent was to construct a sunscreen in addition to the deck but Deal failed to do so. Again, Baird did not incorporate a description of the sunscreen in her ACR or drawings. She also did not indicate the vertical dimensions of the project, other than the six to eight inch elevation referred to on the revised drawing, despite a specific request from the board for that information. Finally, Kuhn testified that the artist's rendition was offered by Deal as a representation of the quality of the contractor's work.

Certainly, this evidence of the circumstances leading to the board's approval supports a reasonable inference that Baird did not overtly set out to ensure she obtained board approval for the sunscreen. Inasmuch as the trial court heard the testimony of the witnesses firsthand and observed their demeanor, it was clearly appropriate for the trial court to characterize Baird's actions in omitting any reference to the sunscreen. This is particularly true where, as here, equitable relief is sought and Baird's good faith may become a factor.

■ Baird also contends that the court's finding that the overhead construction was in the nature of an awning or canopy is contrary to the evidence. In fact, the court found that the "overhead portion of the construction by Baird is an improvement, attachment or thing in the nature of an awning or canopy for which the Declaration and the By-laws required prior board approval." The record contains a color photograph of Baird's deck depicting a rooflike structure extending from the unit to the edge of the deck.

■ Baird also challenges the trial court's construction and use of the term "elevation." Although Baird proposed by expert testimony an alternative, trade definition of "elevation," the court rejected that construction for the common understanding of the term espoused by the board members. We can find no fault with the trial court's use of the term as it is based upon evidence in the record.

Having determined that the trial court's fact-finding is supported by the record, we turn to the primary issue in this case, namely whether Cobblestone II is entitled to injunctive relief solely upon proof that a violation of the Declaration and By-laws occurred. In determining whether the trial court abused its discretion by denying Cobblestone II injunctive relief, we consider only the evidence which supports the trial court's decision along with all reasonable inferences and will reverse only when the evidence leads to a conclusion directly opposite to the conclusion of the trial court. We may not reweigh evidence nor judge witness credibility, and we will not substitute our judgment for that of the trial court even though the circumstances might justify a particular result. *Common Council of the City of Peru v. Peru Daily Tribune, Inc.* (1982), Ind.App., 440 N.E.2d 726, 728.

■ Cobblestone II makes two related arguments. First, the Indiana Horizontal Property Act, in particular I.C. 32–1–6–8,[1] compels a trial court to issue an injunction once it finds that a unit owner has violated the Declaration or By-laws of a properly constituted horizontal property regime (HPR), without regard to equitable considerations ordinarily governing injunctive relief. Cobblestone II derives this argument in part from decisions in other jurisdictions applying similar horizontal property provisions. Second, Cobblestone II analogizes the violation of an HPR's Declaration and By-laws with the violation of a restrictive covenant affecting the use of real property and argues that common law principles relieve it of the burden of showing irreparable harm.

Undoubtedly, I.C. 32–1–6–8 reflects a legislative determination that, as a matter of public policy, the common interest of condominium unit owners in the value and desirability of the community development and in the reasonable enjoyment of their properties as expressed in the HPR's Declaration and By-laws is an interest worthy of protection. However, we are not convinced that beyond that, by authorizing a board of directors to seek injunctive relief on behalf of the condominium unit owners association for a violation of the association's Declaration or By-laws, the legislature intended to displace the substantive law governing equitable relief. First, the statute expressly provides that "failure to comply with [the articles of incorporation, by-laws, etc.] shall be grounds for an action to recover sums due, for damages or injunctive relief *or for any other legal or equitable relief maintainable ...*". By necessity, the court must look to substantive law to identify that which is maintainable. Second, when the legislature has intended to alter substantive doctrine applicable to injunctive relief it has expressly so stated. *Cf.*, I.C. 5–14–1.5–7(a). Finally,

the power of courts to exercise discretion in granting or refusing injunctions is essential to a proper administration of that form of relief. *See*, H. McClintock, *Handbook of the Principles of Equity* § 143, at 381 (2d ed.1948).

■ However, we need not construe I.C. 32–1–6–8 as Cobblestone II urges or turn to the law of other jurisdictions to reach the result sought by Cobblestone II. When a valid Indiana statute has been violated, equity may enjoin such wrongful activity and the nonexistence of provable damage does not prevent the granting of injunctive relief. *Schrenker v. Clifford* (1979), 270 Ind. 525, 387 N.E.2d 59, 61; *Hickey v. Hickey* (1973), 156 Ind.App. 610, 298 N.E.2d 29, 32. Indeed, Indiana decisions hold that when the acts sought to be enjoined have been declared unlawful or clearly against the public interest, i.e. contrary to statute, a plaintiff need show neither irreparable harm nor a balance of hardship in his favor. *Carson v. Ross* (1987), Ind.App., 509 N.E.2d 239, 241, *trans. denied; Peru Daily, supra; State ex rel. Dept. of Natural Resources v. Mason* (1981), Ind.App., 416 N.E.2d 1312, *trans. denied; DeMayo v. State ex rel. Dept. of Natural Resources* (1979), 182 Ind.App. 241, 394 N.E.2d 258; *Rees v. Panhandle Eastern Pipe Line Co.* (1978), 176 Ind.App. 597, 377 N.E.2d 640, 649 citing 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2948, at 461 (1973).

■ In addition to its factual findings that Cobblestone II failed to show harm from the construction and that removal of the overhead construction could cause damage to the main structure, a finding which we construe to indicate that the balance of hardship was in Baird's favor, the court also found as an ultimate fact that equity demanded the overhead structure remain. The record is replete with factual evidence which would have ultimately supported a

---

1. I.C. 32–1–6–8 provides:
   ... [f]ailure to comply with [the articles of incorporation or association, by-laws, any administrative rules and regulations adopted pursuant thereto, and with the covenants, conditions and restrictions set forth in the declaration or in the deed to the condominium unit] shall be grounds for an action to recover sums due, for damages or injunctive relief or for any other legal or equitable relief maintainable by ...the board of directors on behalf of the association of co-owners ...

balance of the equities in favor of Baird yet the trial court made no written findings of this nature. We recognize it would be improper for this court to balance the equities anew and substitute our judgment for that of the trial court, particularly where, as here, Cobblestone II seeks a mandatory injunction which is an extraordinary remedial process granted not as a matter of right but in the exercise of sound judicial discretion. *Schwartz v. Holycross* (1925), 83 Ind.App. 658, 665, 149 N.E. 699 citing *Morrison v. Work* (1925), 266 U.S. 481, 490, 45 S.Ct. 149, 153, 69 L.Ed. 394. Nonetheless, we may not add anything to the trial court's findings of fact by presumption, inference or intendment. *Ind. & Michigan Electric Co. v. Terre Haute Industries* (1987), Ind.App., 507 N.E.2d 588, 597. The specific findings must support the trial court's decision. *Mason v. Gohmann* (1986), Ind.App., 498 N.E.2d 1344, 1345. Other than the findings indicating Cobblestone's failure to show damage and that removal would be a hardship for Baird, the trial court's factual findings do not show that the equities favor the denial of the injunction. Accordingly, we conclude the trial court abused its discretion in denying injunctive relief. It should compel Baird to remove that portion of the overhead structure found to be constructed in violation of Cobblestone II's Declaration and By-laws.

Inasmuch as Baird contests the award of attorney's fees solely on the ground that Cobblestone II could recover attorney's fees only if it succeeded in obtaining the relief it sought, we need not address that issue at this time. The trial court's judgment denying injunctive relief is reversed and remanded with instructions to enter an injunction consistent with this opinion. In all other respects, the judgment of the trial court is affirmed.

Judgment affirmed in part; reversed and remanded in part.

RATLIFF, C.J., and BAKER, J., concur.