Karen A. CZAJA, Joseph J. Czaja, Michael Czaja By Next Friend Joseph J. Czaja and Melissa Czaja By Next Friend Joseph J. Czaja, Appellants–Plaintiffs,

v.

CITY OF BUTLER, State of Indiana and Indiana Department of Highways, Appellees–Defendants.

No. 92A03–9203–CV–85.

Court of Appeals of Indiana, Third District.

Dec. 8, 1992.

Timothy A. Miller, Grimm & Grimm P.C., Auburn, for appellants-plaintiffs.

Robert T. Keen, Jr., Diana C. Bauer, Miller Carson & Boxberger, Fort Wayne, for appellees-defendants.

GARRARD, Judge.

Karen and Joseph Czaja filed a negligence claim against the City of Butler, the State of Indiana and the Indiana Department of Highways. The Whitley Circuit Court granted summary judgment in favor of the city and the Czajas appeal.

The Czajas live on U.S. Highway 6 in Butler, Indiana. There were three trees located on State of Indiana right-of-way in the front yard of their home. On January 25, 1990 two severe storms blew through the city. They caused severe damage in the town, blowing over several trees. The first storm caused a limb approximately one foot in diameter to fall from one of the trees in Czajas' front yard onto U.S. 6. That limb was cleaned up by the town after the first storm passed through.

Later in the day the second storm hit. Karen Czaja was returning from picking her children up from school during the course of this storm. As she was stopped in the street waiting to turn into her driveway, the tree closest to her driveway fell on top of her car causing severe injury to her.

The storms in and around Butler that day caused extensive damage. Approximately eight whole trees were uprooted or broken off and a number of others lost large limbs or parts of their tops.

The Czajas brought suit alleging that the city was negligent in failing to inspect the tree in front of their home and in failing to remove the tree which the city knew, or should have known, was dangerous. Subsequently, the city moved for summary judgment. Czajas filed no response. The court heard argument on the motion on November 8, 1991 and granted summary judgment for the city on November 21. This appeal followed.

■ Initially, we note the city's contention that pursuant to Trial Rule 56(H) we should affirm the trial court because the Czajas failed to file with the court prior to (or at the time of) the hearing any written designation asserting any genuine issues of fact they felt precluded summary judgment and the evidence relevant thereto. Czajas respond that at the hearing they specifically designated to the court the material facts and the evidence relevant thereto and this should be sufficient.

Both TR 56(C) and 56(H) contain requirements for specific designation not only of material factual issues, but of the specific evidence relevant to their determination. While the rule specifies no particular form for such designations, TR 56(C) does require that they be made "at the time of filing the motion or response. . . ." On the other hand TR 56(E) notes that the necessary response of an opponent of the motion may be made "by affidavits or as otherwise provided in this rule. . . ." Traditionally, that has included the option for the opponent to appear at the hearing and defend against the motion. *See, e.g., Layman v. Atwood* (1977) 175 Ind.App. 176, 370 N.E.2d 933.

We therefore conclude that Czajas could meet the designation requirements of TR 56 through their oral presentation at the hearing. They are, however, bound by and limited to the factual issues and evidence specifically referred to at the hearing. Having said as much, and before passing to a consideration of their presentation at the hearing, we feel obliged to express to the reader our clear conviction that the interests of the parties and of good practice are much better served if the opponent of a motion for summary judgment does respond *in writing*, and therein specifically designates any factual issues he deems preclude summary judgment together with specific references to the evidence relevant thereto and where it may be found in the record. This will provide great assistance to the trial judge and to this court on review in correctly ruling upon the motion and response. Moreover, it will preclude problems attending the potential for omitted, misspoken, misheard, or mistranscribed statements at the hearing.

■ The evidence relied upon by the city in support of its motion described the ferocity of the storms that day, including the facts that eight trees were blown over, four other cars were struck by fallen trees and an uprooted tree fell onto the roof of the Butler Quick–Mart. In addition, it asserted the city superintendent's deposition testimony that he carefully inspected the tree the following day and observed that the core of the tree was rotted to within four inches of the outside diameter of the tree, but there were no outwardly visible signs that any part of the tree was dead or rotten. Before the accident the superintendent had no actual notice that the tree was rotted and he recalled the tree had green foliage in 1988 when Czaja spoke to him about removing it so that Czajas could widen their driveway. Moreover, in their depositions Joseph and Karen Czaja both stated that prior to the date of the storms they had no reason to believe that the tree was likely to fall.

At the hearing the Czajas' principal argument was that the city had an absolute affirmative duty to maintain an inspection procedure concerning all the trees located in its right-of-way along the highway. They have not renewed this argument in their appeal and we are unaware of any Indiana authority to support such a contention. Indeed, numerous decisions have held that while a city has a duty to keep its streets reasonably safe, the duty is only triggered when the city has actual or constructive knowledge of the dangerous or defective condition. *See, e.g. Boger v.*

*County Commissioners* (1989) Ind., 547 N.E.2d 257.

Here the city's materials prima facie established lack of any actual or constructive knowledge, or notice, of the dangerous condition of the tree that blew over onto the Czaja vehicle.

To rebut this showing the only evidence specifically designated by the Czajas came from the deposition of Mr. Czaja wherein he stated that during the years they had lived in their home dead branches occasionally fell from the tree, many of which were small and some of which "made a pretty good impression in the grass"; that at one place the sidewalk had buckled or cracked due to the tree roots; and that there was some erosion next to the curb near one of the trees which the city had filled with dirt after Czaja called them.

We find this evidence insufficient to raise a genuine issue of fact concerning constructive notice to the city. We take it to be common knowledge that mature trees, as these were described to be, have limbs and branches that die and occasionally fall from the tree. It is also a common experience that the root systems of such trees buckle and crack cement sidewalks laid too close to the tree. Indeed, the city superintendent stated in his deposition that he attached no particular significance to these conditions. The Czajas have not pointed to any evidence supporting the notion that the city should have been forewarned in this particular instance that the tree was in danger of falling. It would be nothing but sheer speculation to draw that conclusion from the evidence relied upon. It follows that the summary judgment was properly granted.

Affirmed.

HOFFMAN and RUCKER, JJ., concur.