Virginia **FERRELL**, Appellant–Defendant,

v.

**DUNESCAPE BEACH CLUB CONDOMINIUMS PHASE I, INC.**, Appellee–Plaintiff.

No. 46A03–0007–CV–250.

Court of Appeals of Indiana.

June 8, 2001.

Craig V. Braje, Elizabeth A. Flynn, Braje & Nelson, Michigan City, IN, Attorneys for Appellant.

Douglas L. Biege, Newby, Lewis, Kaminski & Jones, LaPorte, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Virginia Ferrell appeals the trial court's entry of summary judgment in favor of Dunescape Beach Club Condominiums

Phase I, Inc. ("Dunescape") on its claims for declaratory and injunctive relief.

We affirm.

## ISSUES

Ferrell presents the following issues for our review, which we restate as:

1. Whether declaratory judgment was appropriate.

2. Whether the trial court erred when it granted summary judgment in favor of Dunescape on its complaint for declaratory judgment.

3. Whether the trial court erred when it granted summary judgment in favor of Dunescape on its complaint for permanent and mandatory injunction.

## FACTS AND PROCEDURAL HISTORY

Dunescape is a condominium as defined by the Indiana Horizontal Property Act, Indiana Code Section 32-1-6-1, *et seq.* The condominium is an eleven-story, sixty-eight-unit building located in Michigan City. Ferrell purchased penthouse Unit 901 in June 1990. As owner of a condominium unit, she agreed to comply with the provisions of the Horizontal Property Act and Dunescape's Declaration and By-laws.

In 1995, Dunescape's Board of Directors ("the Board") hired an engineering firm to study a storm water leakage problem that was causing property damage to some of the condominium units. The engineering firm concluded that the water leakage was due in part to rain being driven by the wind through ornamental grilles attached to the outside surface of the building and connected to the furnace room of each penthouse condominium unit. The firm recommended, and the Board approved, the installation of a different type of grille, which required access to the balcony of each penthouse condominium unit. All repairs were to be made at the expense of Dunescape.

Ferrell refused to allow workers access to her balcony to make the repairs recommended by the engineering firm and approved by the Board. As a result, Dunescape filed a complaint for declaratory judgment in which it asked the court "to determine the rights of the parties under the Phase I Association Declaration and By-laws[.]" Record at 23. Dunescape subsequently filed a motion for summary judgment on its claim seeking declaratory relief, alleging that there existed no genuine issue of material fact as to whether Dunescape, through its Board, had the "exclusive power" under its Declaration and By-laws to make repairs in the common and limited common areas at issue.[1]

1. Dunescape's Declaration describes the "common areas and facilities" of the condominium as follows:

Except as otherwise provided in this Declaration, the Common Areas shall consist of all portions of the Property except the Condominium Units. Without limiting the generality of the foregoing, the Common Areas shall include the portion of the Building occupied by the stairways, entrances and exits, elevators, mail boxes, parking lots[,] other amenity areas as described in the Master Declaration, lobbies, corridors, storage areas, refuse collection system, all furniture, furnishings, equipment and fixtures originally installed therein by Developer, management offices, the Parking Area, all structural parts of the Building, pipes, ducts, flues, chutes, conduits, wires and other utility installations to the outlets and such component parts of walls, floors and ceilings as are not located within the Condominium Units, and structural columns located within the Condominium Units, and roadways.... The Common Areas also include all appropriate easements and the land under the Building.

Record at 548. Dunescape thus urged it was entitled, as a matter of law, to access Ferrell's balcony and replace the ornamental grille.

After a hearing, the trial court entered summary judgment in favor of Dunescape on its complaint for declaratory judgment, concluding that "the Board ... has the exclusive right and duty to provide for the care of common areas including but not limited to repair and replacement, *as the Board determines to be necessary and proper*[.]" Record at 295 (emphasis added). The trial court further concluded that:

> Dunescape is entitled to judgment as a matter of law for the reason that both the work to be performed and the common or limited common areas in which it is to be accomplished are the exclusive responsibility and jurisdiction of the Board with respect to maintenance and repair work; the Board or the authorized representatives of the Board, the manager, or managing agent of the Building are entitled to reasonable access to Unit # 901 occupied by Virginia Ferrell for purposes of effecting the repairs at issue[.]

Record at 296.

Despite the trial court's declaratory judgment in favor of Dunescape, Ferrell continued to refuse access to her balcony. Dunescape ultimately filed a complaint for permanent and mandatory injunction against Ferrell. It subsequently moved for summary judgment on its claim seeking injunctive relief. The trial court entered summary judgment in favor of Dunescape, enjoining Ferrell from prohibiting workers from making future repairs ap-

proved by the Board and ordering her to allow access to her balcony so that the ornamental grille could be replaced. Ferrell now appeals.

## DISCUSSION AND DECISION

### Issue One: Propriety of Declaratory Judgment

■ Dunescape first sought relief under the Uniform Declaratory Judgment Act, Indiana Code Section 34–14–1–1, *et seq.* The Declaratory Judgment Act provides that its purpose "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered." Ind.Code § 34–14–1–12. Thus, the purpose of a declaratory judgment action is to quiet and stabilize legal relations and thereby provide a remedy in a case or controversy when there is still an opportunity for peaceable judicial settlement. *Volkswagenwerk, A.G. v. Watson*, 181 Ind.App. 155, 390 N.E.2d 1082, 1085 (1979). The declaratory judgment statute was not intended to eliminate well-known causes of action or to substitute an appellate court for a tribunal of original jurisdiction, where the issues are ripe for litigation through the usual processes. *Ember v. Ember*, 720 N.E.2d 436, 439 (Ind.Ct.App. 1999). Rather, the statute was intended to furnish an adequate and complete remedy where none before had existed, and it should not be used where there is no necessity for such a judgment. *Id.* The use of a declaratory judgment is discretionary with the trial court and is usually unnecessary where a full and adequate remedy is already provided by another form of ac-

---

Record at 132. The description for "limited common areas and facilities" set forth in the Declaration includes "[t]he balcony immediately adjacent to a Condominium Unit." Record at 132–33. For purposes of Dunescape's

Declaration and By-laws, "common areas" is defined as "the Common Areas and Facilities and the Limited Common Areas and Facilities." Record at 129.

tion. *Volkswagenwerk*, 390 N.E.2d at 1085. According to Indiana Trial Rule 57, however, the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. *Id.*

■ Ferrell challenges the propriety of a declaratory judgment in this case. The test to determine whether declaratory relief is appropriate is whether the issuance of a declaratory judgment will effectively solve the problem involved; whether it will serve a useful purpose; and whether or not another remedy is more effective or efficient. *Ember*, 720 N.E.2d at 439. The determinative factor is whether the declaratory judgment will result in a just and more expeditious and economical determination of the entire controversy. *Id.* Applying this test here, it is apparent the trial court's declaration that "the work to be performed and the common or limited common areas in which it is to be accomplished are the exclusive responsibility and jurisdiction of Dunescape" effectively solved the problem involved and served a useful purpose.[2] Record at 296; *see Boone County Area Plan Comm'n v. Kennedy*, 560 N.E.2d 692, 696 (Ind.Ct.App. 1990), *trans. denied; see also Wendy's of Fort Wayne, Inc. v. Fagan*, 644 N.E.2d 159 (Ind.Ct.App.1994) (involving claim for declaratory relief to determine whether plaintiff had right to install utilities and erect sign under terms of easement granted by defendant). Moreover, no other remedy was available to Dunescape to settle the rights of the parties under its Declaration and By-laws and thereby gain access to Ferrell's condominium to replace the ornamental grille. Accordingly, declaratory judgment was appropriate in this case. We find no error.

## Issue Two: Summary Judgment on Complaint for Declaratory Judgment

### Standard of Review

■ Summary judgment is appropriate only if the designated evidentiary matter shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Nyby v. Waste Mgmt., Inc.*, 725 N.E.2d 905, 909 (Ind.Ct.App.2000), *trans. denied.* Once the movant has sustained that burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Id.*

■ When reviewing an entry of summary judgment, we stand in the shoes of the trial court. *Rogier v. American Testing and Eng'g Corp.*, 734 N.E.2d 606, 614 (Ind.Ct.App.2000), *trans. denied.* We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Id.* All doubts as to a factual issue must be resolved in the nonmovant's favor. *Id.* A trial court's grant of summary judgment is "clothed with a presumption of validity," and the appellant has the burden of demonstrating that the grant of summary judgment was erroneous. *Id.* (citations omitted). We may sustain a summary judgment upon any theory supported by the designated materials. *Nyby*, 725 N.E.2d at 911. Nevertheless, we must carefully assess the trial court's decision to ensure the nonmovant was not improperly denied his day in court. *Rogier*, 734 N.E.2d at 613.

---

2. Ferrell's decision to ignore the trial court's declaratory judgment should not be a basis for a determination that a declaratory judgment was not effective.

Here, the trial court entered specific findings of fact and conclusions thereon, which would normally trigger the two-tiered appellate standard of review contained in Indiana Trial Rule 52. *See Campbell v. Spade*, 617 N.E.2d 580, 582 (Ind.Ct.App.1993). However, specific findings and conclusions entered by the trial court when ruling on a motion for summary judgment merely afford the appellant an opportunity to address the merits of the trial court's rationale. *Id.* They also aid our review by providing us with a statement of reasons for the trial court's actions, but they have no other effect. *Id.* Rather than relying upon the trial court's findings and conclusions, we must base our decision upon the materials properly presented to the trial court under Indiana Trial Rule 56(C). *Id.* at 582–83.

When a court is asked to interpret an agreement, it is necessary for the court to examine the parties' intent when they wrote the agreement. *Ecorp, Inc. v. Rooksby*, 746 N.E.2d 128, 131 (Ind.Ct.App. 2001); *see Nichols v. Kirkpatrick Mgmt. Co., Inc.*, 536 N.E.2d 565 (Ind.Ct.App.1989) (discussing contractual obligations imposed by Declaration and By-laws in horizontal property regime). Absent ambiguity, the terms of a contract will be given their plain and ordinary meaning. *Ecorp*, 746 N.E.2d at 131. The terms of a contract are not considered ambiguous because the parties dispute the proper interpretation of the terms. *Id.* An ambiguity exists only where reasonable people could come to different conclusions about the contract's meaning. *Id.*

Generally, construction of a written contract is a question of law for the trial court for which summary judgment is particularly appropriate. *Rogier*, 734 N.E.2d at 613. However, if the terms of a written contract are ambiguous, it is the responsibility of the trier of fact to ascertain facts necessary to construe the contract. *Id.* Consequently, whenever summary judgment is granted based upon the construction of a written contract, the trial court has either determined as a matter of law that the contract is not ambiguous or uncertain, or that the contract ambiguity, if one exists, can be resolved without the aid of a factual determination. *Id.*

Ferrell contends that the trial court erred when it granted summary judgment in favor of Dunescape on its complaint for declaratory judgment. In particular, she argues that there exist two genuine issues of material fact which preclude summary judgment in this case: (1) whether replacement of the ornamental grille is the exclusive responsibility of Dunescape or of Ferrell; and (2) whether replacement of the ornamental grille is reasonable. We address each contention in turn.

### Responsibility

Ferrell maintains that there exists a genuine issue of material fact as to whether the ornamental grille attached to the outside surface of the condominium building and connected to her furnace room is the exclusive responsibility of Dunescape to replace. We cannot agree.

Ferrell argued before the trial court, and concedes on appeal, that the grille itself is a limited common area fixture within the meaning of Dunescape's Declaration and By-laws. *See* Brief of Appellant at 10; Record at 571. As noted previously, Article I, Section 1.01(f) of the Declaration defines common areas as "the Common Areas and Facilities and the Limited Common Areas and Facilities." Record at 129; *see* discussion, n. 1, *supra*. As such, the limited common areas are to be treated as common areas for purposes of Dunescape's Declaration and By-laws.

Article V, Section 5.01 of Dunescape's Declaration provides, in part, that "repair, maintenance, replacement, decoration and upkeep of the Common Areas ... *shall be the responsibility of the Board,* and all costs and expenses incurred by the Board in connection therewith shall be part of the Common Expenses." Record at 134 (emphasis added). Additionally, Article VI, Section 3(f) of Dunescape's Code of By–Laws specifically identifies one of the Board's duties as follows:

To provide for the maintenance, repair and replacement of the Common Areas and the Units to the extent required by the Declaration and payments therefore, and to approve payment vouchers or to delegate such approval to the officers of the manager or managing agent[.]

Record at 161. Article VI, Section 4(g) of the Code of By–Laws further reads:

The Board, for the benefit of the Board, the Association and all Owners, shall provide and shall pay for out of the maintenance fund hereinafter provided, the following:

\* \* \*

(g) Landscaping, gardening, snow removal, painting, cleaning, tuckpointing, maintenance, decorating, repair and replacement of the Common Areas and such furnishings and equipment for the Common Areas and Facilities as the Board shall determine are necessary and proper, *and the Board shall have the exclusive right and duty to acquire or provide the same for the Common Areas.*

Record at 163 (emphasis added).

The language of these provisions is clear and unambiguous and states without question that the common areas, including the ornamental grille which Ferrell concedes is to be treated as such, are the Board's exclusive responsibility to maintain. Therefore, we conclude that there exists no genuine issue of material fact on the issue of responsibility and hold, as a matter of law, that replacement of the ornamental grille is the exclusive responsibility of Dunescape, not Ferrell.

### Reasonableness

 Next, we address Ferrell's claim that there exists a genuine issue of material fact as to whether the replacement of the ornamental grille, as approved by the Board, is reasonable. In support of her position, Ferrell cites to Article V, Section 5.06 of Dunescape's Declaration, which reads:

The authorized representatives of the Association or Board, or of the manager or managing agent for the Building, shall be entitled to *reasonable access* to the individual Condominium Units as may be required in connection with maintenance, repairs, or replacements of or to the Common Areas or any equipment, facilities or fixtures affecting or serving other Condominium Units or the Common Areas.

Record at 137. Ferrell contends that "[a] logical inference can be made that if access to an individual condominium unit by the Board must be reasonable, then the same standard of reasonableness should pertain to all actions that the Board would take in regards to maintenance and repairs to a condominium unit." Brief of Appellant at 17. She posits that the question of reasonableness requires a factual determination precluding an entry of summary judgment in this case. Again, we cannot agree.

Absent ambiguity, the terms of a contract will be given their plain and ordinary meaning. *Ecorp,* 746 N.E.2d at 131. Article V, Section 5.06 provides unequivocally that Dunescape's *access* be reasonable, and this is consistent with Indiana Code Section 32–1–6–7(h)'s mandate that:

[t]he association of condominium unit owners shall have the irrevocable right, to be exercised by the manager or board of directors, to have access to each condominium unit from time to time *during reasonable hours as may be necessary for the maintenance, repair or replacement of any of the common areas and facilities therein or accessible therefrom* [.]

(Emphasis added). But to inject the term "reasonable" to modify the phrase "maintenance, repairs, or replacements" would be contrary to both the intent of the parties, as expressed by the language of the Declaration and By-laws, and to the plain and ordinary meaning of Section 5.06. We decline to interpret that provision as Ferrell suggests.

 Instead, we look once again to Article VI, Section 4(g) of Dunescape's Code of By–Laws, which the trial court relied upon when it granted summary judgment in Dunescape's favor and which reads:

The Board, for the benefit of the Board, the Association and all Owners, shall provide and shall pay for out of the maintenance fund hereinafter provided, the following:

\* \* \*

(g) Landscaping, gardening, snow removal, painting, cleaning, tuckpointing, maintenance, decorating, repair and replacement of the Common Areas and such furnishings and equipment for the Common Areas and Facilities *as the Board shall determine are necessary and proper,* and the Board shall have the exclusive right and duty to acquire or provide the same for the Common Areas.

Record at 163 (emphasis added). While this provision requires that repairs be necessary and proper, it clearly states that the determination of what is necessary and proper is left exclusively to the Board. Thus, once the Board had determined that replacement of the ornamental grille was necessary and proper,[3] Dunescape was entitled to access Ferrell's balcony and replace the grille as a matter of law. In other words, because the assessment of the reasonableness of repairs was within the exclusive province of the Board and not subject to challenge under the plain and ordinary meaning of Dunescape's By-laws, there was no need, as Ferrell urges, to proceed with a factual determination on the issue of reasonableness. Indeed, Dunescape's Declaration insulates the Board from liability for its decisions, so long as those decisions do not constitute willful misconduct. Specifically, Article VI, Section 6.02 of the Declaration states:

Neither the members of the Board nor the officers thereof shall be liable to the Owners *for any mistake of judgment* or for any acts or omissions of any nature whatsoever as such Board members and officers, except for any acts or omissions found by a court to constitute willful misconduct in the performance of duty.

Record at 139 (emphasis added). In sum, we discern no material question of fact on the issue of reasonableness.

 Having determined that there exist no genuine issues of material fact and that Dunescape is entitled to access Ferrell's balcony and replace the ornamental grille as a matter of law, we affirm the trial court's entry of summary judgment in favor of Dunescape on its complaint for

---

**3.** The Board in fact determined that replacement of the ornamental grille was necessary and proper by hiring an engineering firm to conduct extensive studies and by subsequently approving the firm's recommendation for replacement.

declaratory judgment.[4]

## Issue Three: Summary Judgment on Complaint for Permanent and Mandatory Injunction

 Ferrell challenges the trial court's entry of summary judgment on Dunescape's complaint for permanent and mandatory injunctive relief. The grant or denial of an injunction lies within the sound discretion of the trial court and will not be overturned unless it was arbitrary or amounted to an abuse of discretion. *Saurer v. Board of Zoning Appeals*, 629 N.E.2d 893, 896 (Ind.Ct.App.1994). Gen-erally, the trial court considers four factors in determining the propriety of injunctive relief: (1) whether plaintiff's remedies at law are inadequate; (2) whether the plaintiff can demonstrate a reasonable likelihood of success on the merits; (3) whether the threatened injury to the plaintiff outweighs the threatened harm a grant of relief would occasion upon the defendant; and (4) whether the public interest would be disserved by granting relief. *L.E. Services, Inc. v. State Lottery Com'n of Indiana*, 646 N.E.2d 334, 349 (Ind.Ct.App.1995), *trans. denied.* The difference between a prelim-

---

4. We note that our review of this issue was hindered by Ferrell's failure to designate, in writing, any provisions of Dunescape's Declaration and By-laws upon which it relied in opposition to Dunescape's motion for summary judgment on its claim for declaratory relief. Indiana Trial Rule 56(C) contains a requirement for specific designation not only of material factual issues, but also of the specific evidence relevant to their determination. *Czaja v. City of Butler*, 604 N.E.2d 9, 10 (Ind.Ct.App.1992). This court has previously concluded that a party can meet the designation requirements of Trial Rule 56 through its oral presentation at the hearing for summary judgment. *Id.* The party is, however, "bound by and limited to the factual issues and evidence specifically referred to at the hearing." *Id.* Although we conclude that the portions of the Declaration and By–Laws cited by Ferrell in her brief were orally designated during the hearing and, therefore, sufficient for purposes of this appeal, we remind Ferrell of the concerns we expressed in *Czaja*, namely, that: the interests of the parties and of good practice are much better served if the opponent of a motion for summary judgment does respond *in writing*, and therein specifically designates any factual issues he deems preclude summary judgment together with specific references to the evidence relevant thereto and where it may be found in the record. This will provide great assistance to the trial judge and to this court on review in correctly ruling upon the motion and response. Moreover, it will preclude problems attending the potential for omitted, misspoken, misheard, or mistranscribed statements at the hearing.

*Id.*

This potential for problems is illustrated by the fact that Ferrell's position in her written motion in opposition to summary judgment was that the replacement of the ornamental grille was unnecessary and unreasonable because she had not observed any storm water leakage and because the ornamental grille was contrary to the manual specifications of her furnace. She did not challenge Dunescape's exclusive responsibility to perform such repairs until the hearing. Secondly, Ferrell alleged in her written motion in opposition to summary judgment that Dunescape lacked standing to bring a declaratory judgment action. It was also not until the hearing that she challenged, for the first time, the propriety of a declaratory judgment in this case.

Finally, Ferrell refers in her brief to her affidavit submitted in opposition to summary judgment on Dunescape's complaint seeking injunctive relief. This affidavit was never designated to the trial court in opposition to Dunescape's motion for summary judgment on its complaint for declaratory judgment. Indeed, this affidavit was not even in existence at the time the trial court entered summary judgment in favor of Dunescape on its declaratory judgment action. Because the affidavit was not specifically designated to the trial court, we cannot consider it on appeal. *See Estate of Taylor ex rel. Taylor v. Muncie Med. Investors, L.P.*, 727 N.E.2d 466, 473 (Ind.Ct.App.2000) (holding that depositions not specifically designated to trial court could not be considered), *trans. denied.*

inary and a permanent injunction is procedural. *See Indiana Family and Social Servs. Admin. v. Hospitality House of Bedford,* 704 N.E.2d 1050, 1061 (Ind.Ct. App.1998). A preliminary injunction is issued while an action is pending, while a permanent injunction is issued upon a final determination. *Id.; Plummer v. American Inst. of Certified Pub. Accountants,* 97 F.3d 220, 229 (7th Cir.1996) (noting that permanent injunction, as opposed to preliminary injunction, is not provisional in nature, but rather is final judgment). Thus, when the plaintiff is seeking a permanent injunction, the second of the four traditional factors is slightly modified, for the issue is not whether the plaintiff has demonstrated a reasonable likelihood of success on the merits, but whether he has in fact succeeded on the merits. *Plummer,* 97 F.3d at 229. Finally, permanent injunctions are limited to prohibiting injurious interference with rights. *Hospitality House,* 704 N.E.2d at 1061.

 Although injunctions typically order those to whom they are directed to refrain from doing something, the relief afforded by equity may be extended to compel affirmative action when necessary. INDIANA LAW ENCYCLOPEDIA, Injunction § 2. An injunction which orders a party to take a specific action is referred to as a mandatory injunction. *Id.* A mandatory injunction is an extraordinary equitable remedy that should be granted with caution. *Campbell,* 617 N.E.2d at 583.

 A plaintiff's remedies at law are inadequate for purposes of issuing an injunction where irreparable harm would be caused pending resolution of the substantive action if the injunction did not issue. *L.E. Services,* 646 N.E.2d at 349. Generally, the party seeking an injunction carries the burden of demonstrating an injury which is certain and irreparable if the injunction is denied. *Wagler Excavating Corp. v. McKibben Const., Inc.,* 679 N.E.2d 155, 157 (Ind.Ct.App.1997), *trans. denied.* However, when the acts sought to be enjoined are unlawful, the plaintiff need not make a showing of irreparable harm or a balance of the hardship in his favor. *L.E. Services,* 646 N.E.2d at 349; *see also Cobblestone II Homeowners Ass'n, Inc. v. Baird,* 545 N.E.2d 1126, 1129 (Ind.Ct.App. 1989) (observing that when valid Indiana statute has been violated, equity may enjoin such wrongful activity and nonexistence of provable damage does not prevent granting of injunctive relief).

In *Cobblestone,* for example, this court reversed the trial court's denial of a condominium's request for injunctive relief. We held that the denial of an injunction constituted an abuse of discretion where the court specifically found that the condominium unit owner was in violation of the condominium's Declaration and By-laws, and we explained that the condominium's failure to show irreparable harm did not preclude injunctive relief. *Id.; see also* Ind.Code § 32–1–6–8.[5] In so doing, we recognized that Indiana Code Section 32–1–6–8, which permits actions for injunctive relief under the Horizontal Property Act, reflects "a legislative determination that, as a matter of public policy, the common

---

5. That statute provides:
 Failure to comply with [the articles of incorporation or association, by-laws, any administrative rules and regulations adopted pursuant thereto, and with the covenants, conditions and restrictions set forth in the declaration or in the deed to the condominium unit] shall be grounds for an action to recover sums due, for damages or injunctive relief or for any other legal or equitable relief maintainable by ... the board of directors on behalf of the association of co-owners[.]

interest of condominium unit owners in the value and desirability of the community development and in the reasonable enjoyment of their properties as expressed in the ... Declaration and By-laws is an interest worthy of protection." *Cobblestone,* 545 N.E.2d at 1129.

■ Here, the trial court had previously entered a declaratory judgment defining the rights of the parties, declaring that replacement of the ornamental grille was the exclusive responsibility of the Board, and concluding that Dunescape was entitled to access Ferrell's balcony to replace the grille. Dunescape's subsequent complaint for injunctive relief was denominated a "Motion ... to Enforce Declaratory Judgment[.]" Record at 315. Although Ferrell submitted affidavits concerning the reasonableness of the repairs approved by the Board in opposition to summary judgment on Dunescape's claim for injunctive relief, the trial court concluded, and rightly so, that "[t]hose opinions are without consequence herein given the Board ... has concluded the repairs and maintenance work are necessary and appropriate and [given] this court's declaratory judgment ... that determines the Board—and not Ms. Ferrell—has the authority to make that determination." Record at 495.

Ferrell violated Dunescape's Declaration and By-laws and the Horizontal Property Act when she refused to allow workers access to her balcony to replace the ornamental grille, a repair which the Board had determined to be reasonable and proper. She continued to refuse access to her balcony despite a trial court's judgment declaring that Dunescape had a right of access to make the repair. Absent any material issue of fact, we cannot say that the trial court erred when it granted summary judgment in favor of Dunescape on its complaint for mandatory and permanent injunction.

Affirmed.

KIRSCH and VAIDIK, JJ., concur.