


FILED

Feb 21 2024, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Jacquelyn Ivankovic,

*Appellant-Respondent*

v.

Milan Ivankovic,

*Appellee-Petitioner*

---

February 21, 2024

Court of Appeals Case No.
23A-DC-1954

Appeal from the Lake Superior Court

The Honorable Thomas P. Hallett, Special Judge

Trial Court Cause No.
45D03-2201-DC-2

---

**Opinion by Judge Mathias**
Judges Tavitas and Weissmann concur.

**Mathias, Judge.**

[1] The Lake Superior Court, sitting here as a dissolution court, denied Jacquelyn Ivankovic's ("Wife's") request for a temporary restraining order and a permanent injunction, asking that Milan Ivankovic ("Husband") be enjoined from contacting Wife's employer to make allegations that Wife had engaged in wrongdoing. The court concluded that it lacked the authority to prohibit Husband from making statements concerning Wife to third parties outside the presence of the parties' minor children. Wife appeals, arguing that the trial court has statutory authority to issue the requested injunction because doing so would protect the financial well-being of the parties' minor children.

[2] We affirm.

## Facts and Procedural History

[3] During the parties' marriage, Wife was the director of pharmacy for a hospital in Merrillville and Husband was a middle school teacher. The parties have three children, and, during the marriage, they purchased a Boston terrier named Roxy.

[4] The parties' marriage was dissolved in Lake Superior Court on November 18, 2022. Wife appealed the division of marital property, specifically the order requiring Wife to pay Husband for one-half of his share of the family dog's value. Wife also appealed the order so far as it allowed the children to take the dog to Husband's residence during his parenting time. *See Ivankovic v. Ivankovic, 205 N.E.3d 1061 (Ind. Ct. App. 2023).*

[5] Our court issued its opinion on March 15, 2023, and agreed with the trial court that, for the purpose of a dissolution action, Roxy should be treated as personal property. *See id.* at 1064. Therefore, "whichever spouse is awarded the canine will have sole possession to the complete exclusion of the other." *Id.* For this reason, our court concluded that the trial court erred when it awarded the children "discretionary decision-making authority to transport Wife's personal property to Husband's residence during parenting time." *Id.* at 1065.

[6] The day after our court's opinion issued, Husband began a campaign of harassment against Wife. In response, Wife filed a request for a temporary restraining order and permanent injunction against Husband. In support, Wife alleged that Husband had contacted Wife's employer and made claims that Wife had engaged in wrongdoing during the course of her employment. Wife believed Husband wanted her employer to fire her. Because Wife's income is significantly greater than Husband's, she pays the children's fixed expenses and child support to Husband, who is the non-custodial parent. Wife claimed that Husband's attempt to interfere with her job threatened the children's economic stability. Appellant's App. p. 60. And Wife stated that her employer is investigating Husband's claims that she had engaged in wrongdoing during her employment, and her job may be in jeopardy. *Id.*

[7] The trial court held a hearing on Wife's request on April 4. The parties presented evidence concerning Husband's communications with Wife's employer. After considering the parties' arguments whether the trial court could lawfully restrict Husband's speech, the court concluded that it lacked the

authority to prohibit Husband from making statements concerning Wife to third parties outside the children's presence. Appellant's App. pp. 22-23.

[8] Wife filed a motion to correct error, arguing that Husband's communications were not entitled to First Amendment protection but were slanderous and defamatory speech. *Id.* at 73-74. On August 10, the trial court denied Wife's motion because Husband's communications with third parties involved allegations that Wife committed illegal conduct, which is speech protected under the First Amendment. *Id.* at 20-21.

[9] Wife now appeals.

## Standard of Review

[10] Husband does not participate in this appeal. In this circumstance, we "need not develop an argument for [Husband] but instead will reverse the trial court's judgment if [Wife's] brief presents a case of prima facie error." *In re Adoption of E.B.*, 163 N.E.3d 931, 935 (Ind. Ct. App. 2021) (citation and quotation marks omitted). Prima facie error means "at first sight, on first appearance, or on the face of it." *Jenkins v. Jenkins*, 17 N.E.3d 350, 352 (Ind. Ct. App. 2014). "Still, we are obligated to correctly apply the law to the facts in the record to determine whether reversal is required." *Id.*

[11] We also observe that the denial of injunctive relief lies within the sound discretion of the trial court and will not be overturned unless it was arbitrary or

amounted to an abuse of discretion.[1] *Ferrell v. Dunescape Beach Club Condos. Phase I, Inc.*, 751 N.E.2d 702, 712 (Ind. Ct. App. 2001). The trial court considers four factors in determining the propriety of injunctive relief: (1) whether the plaintiff's remedies at law are inadequate; (2) whether the plaintiff can demonstrate a reasonable likelihood of success on the merits; (3) whether the threatened injury to the plaintiff outweighs the threatened harm a grant of relief would occasion upon the defendant; and (4) whether the public interest would be disserved by granting relief. *Id*. Because Wife sought a permanent injunction, the second of the four traditional factors is slightly modified because the issue is not whether the plaintiff has demonstrated a reasonable likelihood of success on the merits, but whether she has in fact succeeded on the merits. *See id*. at 713. Wife bore the burden to demonstrate that certain and irreparable injury would result if the injunction was denied. *See Crawley v. Oak Bend Estates Homeowners Ass'n, Inc.*, 753 N.E.2d 740, 744 (Ind. Ct. App. 2001), *trans. denied.*

## Discussion and Decision

[12] Wife argues that the trial court had statutory authority to issue the requested injunction and the restraint on Husband's speech under these circumstances was not constitutionally impermissible. The trial court concluded that it lacked

---

[1] Wife only appeals the trial court's denial of her request for a permanent injunction.

authority to issue the injunction because doing so would violate Husband's First Amendment right to free speech.[2]

[13] Wife acknowledges our court's prior decisions holding that a trial court cannot restrain a prior spouse from making disparaging remarks about his or her former spouse outside the presence of their children. *See e.g. Israel v. Israel*, 189 N.E.3d 170, 180 (Ind. Ct. App. 2023), *trans. denied*; *In re Paternity of G.R.G.*, 829 N.E.2d 114, 125 (Ind. Ct. App. 2005). But Wife argues that restricting Husband from making statements that she engaged in wrongdoing during the course of her employment to her employers and co-workers is permissible to safeguard the children's financial well-being. Appellant's App. p. 19.

[14] Before we address Wife's argument, we consider our court's decision in *Israel*. In that case, the husband argued that the non-disparagement clause in the court's final decree was an unconstitutional prior restraint of speech. *Israel*, 189 N.E.3d at 179. Specifically, the decree provided that the parties would not make disparaging comments about the other "in the presence of [Child], friends,

---

[2] The First Amendment, made applicable to the States through the Fourteenth Amendment, provides that "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I. First Amendment protections against prior restraints on speech are trigged by state action. *In re Paternity of K.D.*, 929 N.E.2d 863, 868 (Ind. Ct. App. 2010). A trial court's issuance of an injunction constitutes a state action triggering First Amendment protections. *Id*.

Article 1, Section 9 of the Indiana Constitution provides independent protections for freedom of speech. *See State v. Katz*, 179 N.E.3d 431, 442 (Ind. 2022). In *Katz*, our supreme court encouraged litigants to raise constitutional claims under both our state and federal constitutions. *Id*. at 443. Husband only argued his right to free speech under the First Amendment and the trial court appropriately confined its analysis to the federal constitutional right to free speech. However, we feel compelled to observe that Husband's speech in this case would likewise be protected under Article 1, Section 9.

family members, doctors, teachers, associated parties, co-workers, employers, the parenting coordinator, media, the press, or anyone." *Id.* at 175 (record citation omitted).

[15] Our court noted that "'[non-disparagement] orders are, by definition, a prior restraint on speech,'" which is a term describing "'administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are about to occur.'" *Id.* at 179 (citations omitted). A prior restraint on speech is not per se unconstitutional but "does come to a court 'bearing a heavy presumption against its constitutional validity.'" *Id.* (quoting *In re Paternity of K.D.*, 929 N.E.2d 863, 868 (Ind. Ct. App. 2010) (quoting *N.Y. Times Co., v. U.S.*, 403 U.S. 713, 824 (1971))). A "prior censorship of expression can be justified only by the most compelling governmental interest." *Id.* at 180 (citation omitted).

[16] Without question, protecting children from exposure to disparagement between their parents is a compelling governmental interest. *Id.* For this reason, our court concluded that the non-disparagement clause furthered the compelling State interest in protecting the parties' child's best interests and did not violate the First Amendment. *Id.* However, our court agreed with the husband that the clause at issue "goes far beyond furthering that compelling interest to the extent that it prohibits the parents from 'making disparaging comments' about the other in the presence of 'anyone' even when Child is not present." *Id.* (record citation omitted). Because that portion of the non-disparagement clause was an

unconstitutional prior restraint on speech, our court ordered it stricken from the parties' final decree. *Id.*

[17] Citing the *Israel* opinion, the trial court in this case denied Wife's request to enjoin Husband from making disparaging remarks about her to her employers and co-workers. *See* Appellant's App. pp. 21, 23. Wife argues that the trial court interpreted the *Israel* holding too narrowly. She observes that she did not request that the court issue an injunction against Husband from "making disparaging remarks about her to anyone and everyone" but simply to her employer and co-workers. Appellant's Br. at 18-19. Wife argues that doing so promotes the "compelling state interest of safeguarding the financial well-being of the children" *Id.* at 19.

[18] Husband's claims about Wife's alleged misconduct during her employment, including an allegation that she engaged in criminal conduct, could negatively affect Wife's employment, and, therefore, the children's financial well-being, but only if Husband's allegations are proven to be true.[3] And, if Wife committed misconduct during her employment, which results in a demotion or

---

[3] Wife argues that Husband's "disparaging statements about [Wife] constitute defamation because the statements have alleged misconduct on the part of [Wife] as well as alleging criminal conduct or misconduct by [Wife] in her trade, profession, or occupation. Accordingly, [Husband's] slanderous and defamatory statements are unprotected speech." Appellant's Br. at 20. Whether Husband's statements are defamatory is not an issue that was before the trial court or properly presented to our court. The trial court was only asked to consider whether Husband can be enjoined from making disparaging remarks about Wife. We agree that "the right to free speech does not entitle the speaker to make false accusations." Appellant's Br. at 21 (quoting *In re the Paternity of K.D.*, 929 N.E.2d 863, 872 (Ind. Ct. App. 2010)). But the veracity of Husband's allegations is not at issue in this appeal.

termination of her employment, Wife is the one responsible for failing to safeguard her children's financial well-being.

[19] We agree with Wife that the State has a compelling state interest in protecting and preserving a child's financial well-being. *See Champion v. Secretary of State, 761 N.W.2d 747, 754 (Mich. Ct. App. 2008).* In addition, we do not condone vindictive behavior. However, Husband has alleged that Wife engaged in criminal wrongdoing, and "[a]llegations of criminal activity are public as a matter of course." *In re Paternity of K.D.*, 929 N.E.2d at 872. Ultimately, the children's financial well-being will be adversely affected only if Wife has in fact engaged in the wrongdoing as Husband has alleged. If that is the case, it is her own conduct, not Husband's, that would have a potentially adverse effect on her employment. It is also important to remember that Wife has an adequate remedy at law if Husband's prior or future statements constitute defamation and she suffers damages as a result. *See Daugherty v. Allen*, 729 N.E.2d 228, 235-36 (Ind. Ct. App. 2000).

[20] For all of these reasons, we affirm the trial court's order denying Wife's request for a permanent injunction against Husband.

[21] Affirmed.

Tavitas, J., and Weissmann, J., concur.

ATTORNEY FOR APPELLANT

Debra Lynch Dubovich
Levy & Dubovich
Merrillville, Indiana